[No. 5078.]
[No. 2644 C. A.]

THE HASSELL IRON WORKS CO. v. COHEN ET AL.

1.  **Contracts—Sales—Breach by Buyer—Actions—Measure of Damages.**

Where a purchaser of personal property, which is to be delivered at a specified time and place and at a stipulated price, refuses to receive and pay therefor, the seller's measure of damages, where no part of the purchase price has been paid and the property in the meantime has declined in price, is the difference between the contract price and the current price at the place and time of delivery.—P. 354.

2.  **Verdict—Instructions—Evidence.**

Where the verdict is not in harmony with the instructions and is not supported by any evidence, the judgment must be reversed.—P. 355.

*Appeal from the District Court of El Paso County.
Hon. Wm. P. Seeds, Judge.*

Action by Max Cohen and Leon Cohen, copartners under the firm name of Max Cohen and Brother, against The Hassell Iron Works Company. From, a judgment in favor of plaintiffs, defendant appeals.
. *Reversed.*

Mr. J. W. SHEAFOR, for appellant.

Mr. ROBERT KERR, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

The court correctly instructed the jury that:

"When a purchaser of personal property which by the terms of the purchase is to be delivered at a specified time and place and at a stipulated price, refused to receive and pay for the property and no part of the purchase price has been paid, and if the price in the meantime declined, then in an action by the vendor against the vendee for refusing to comply with the contract, the proper rule of damages is the difference between the contract price and the current price at the time and place of delivery."

According to the testimony of the plaintiffs, there was no current price for the goods in question at the place of delivery provided in the contract. Plaintiffs introduced proof as to the market price at Chicago, St. Louis and Kansas City, and that according to the prices prevailing at those places, plaintiffs should have recovered judgment for $765.57, as their testimony shows.

The testimony on behalf of defendant is that there was a market price at the place named in the contract and that the difference between the contract price of the goods and the current price at the place

·of delivery, according to the testimony introduced on behalf of defendant, was $352.50

The verdict of the jury was for $517.96 and 1-3c. This verdict is not in harmony with the instruction and is not supported by any evidence. If the theory .of plaintiff should be taken, the verdict should have been $765.57. If that of the defendant should be taken, it should have been $352.50.

There being no evidence upon which the verdict can be sustained, the judgment based upon the verdict must be reversed.—*Robeson v. Miller*, 4 C. A. 313.

The judgment will be reversed and the cause remanded.                                         *Reversed.*

Chief Justice Gabbert and Mr. Justice Goddard concur.