[No. 5513.]

## BURNS-MOORE MINING AND TUNNEL COMPANY
## v. WATSON.

New Trial—Verdict Inconsistent with the Testimony—A capricious and arbitrary verdict, unsupported by any legitimate view of the testimony, cannot stand, e. g., where, upon any view of the facts proved, the plaintiff was entitled to a very much larger or very much less award, than made.

*Appeal from Denver District Court* — Hon. FRANK T. JOHNSON, Judge.

Mr. MILTON SMITH and Mr. CHARLES R. BROCK, for appellant.

Mr. JOHN H. REDDIN and Mr. J. R. ALLPHIN, for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Appellee, as plaintiff, commenced a suit against the appellant, as defendant, to recover upon two causes of action.    In the first he alleged that he had been employed by the defendant as manager of its mines, for the period of one year, at a salary of $3,000 per annum, to be paid in monthly installments of $250 per month; that at the expiration of six months, he was discharged without cause, and that for the last month he was only paid the sum of $150, whereby there was left due and owing him the sum of $100.    For a second cause of action he set up the same contract as alleged in the first, and avers that at the expiration of six months he was discharged without cause; that his salary for the six months subsequent to his discharge was $1,500; that in addition to the salary the defendant was to furnish him a dwelling house, with fuel and lights; that the value of such house, fuel and lights was the sum of $132.00,

and that subsequent to his discharge he had used due diligence to obtain other employment, with the result 'that he had only been able to earn the sum of $390.00 during the last six months covered by his contract, which, deducted from the salary the defendant had agreed to pay him for this period, and the value of the house, fuel and lights to be furnished, left the defendant owing him, on his second cause of action, the sum of $1,242.00. He prayed judgment for the sum of $1,342.00, being the total amount of his claim against the defendant, as stated in his two causes of action.

For answer the defendant alleged, so far as necessary to consider, that it employed the plaintiff at the agreed compensation of $250.00 per month, but that such employment was subject to its right to discharge him at any time his services were not satisfactory; that he had been discharged for good cause, and that the balance of the last month's salary claimed by the plaintiff in his first cause of action had been paid to another, with his consent. To this answer a replication was filed. On the issues thus formulated, a trial was had to a jury, with the result that a verdict was returned in favor of plaintiff, in the sum of $886.00, and judgment rendered accordingly. The defendant appeals.

From the testimony we shall consider, the material and controverted issues between the parties, from the foregoing synopsis of the pleadings, were (1) whether the defendant had employed the plaintiff for the period of one year, and if so employed, whether he was discharged for just cause; and (2) whether or not the $100.00 for the last month's salary he was in the employ of the defendant had been paid to another with his consent. Upon these issues the testimony was conflicting. According to the evidence there was no dispute between the parties re-

garding the monthly compensation ($250.00 per month) which plaintiff was to receive, nor the value of the house, fuel and lights which he claimed the defendant was to furnish him ($132.00), nor the amount he had earned for the six months subsequent to his discharge, which plaintiff testified was $390.00. Neither was there any attempt on the part of the defendant to show that he had not exercised reasonable diligence to secure employment during this period.

The verdict returned by the jury is as follows: "We, the jury, find the issues herein joined for the plaintiff, and assess his damages at the sum of eight hundred and eighty-six ($886.00) dollars."

A verdict must be consistent with the testimony and the facts which it purports to determine.—*Hassell I. W. Co. v. Cohen*, 36 Colo. 353; *Robeson v. Miller*, 4 Col. App. 313; *Lenander v. Graves, post*, p. 246.

The verdict returned by the jury is wholly at variance with this rule. With the issues found in favor of the plaintiff, there being no dispute as to the balance of his last month's salary, nor the compensation he was to receive monthly, or the value of the house, fuel and lights, which he claimed the company was to furnish him, nor any controversy regarding his diligence to secure other employment, or the amount he had earned for the six months subsequent to his discharge, the verdict, in order to be consistent with the facts upon which it purports to be based and the testimony, should have been for the sum of $1,342.00, with interest, instead of $886.00, as returned. If, however, we analyze the testimony in connection with the issues involved in the two causes of action, the verdict is not supported by the testimony. The only issue between the parties as to the last month's salary was whether or not the balance had been paid to another with plaintiff's consent.

If it had not been so ·paid, then he was entitled to $100.00 and interest on his first cause of action.

With respect to the second cause of action, if the jury found in his favor, then, under the issues and the testimony, he was entitled to the sum of $1,242.00 and interest. So that it was impossible for the jury to have returned a verdict in favor of plaintiff, if the issues were found in his favor on ·the first cause of action, and against him on the second, except in the sum of $100.00 and interest; or, if against him on the first, and in his favor on the second, cause of action, except in the sum of $1,242.00 and interest; or, as we have already stated, if on both causes of action, in a sum other than $1,342.00 and interest. A jury has no right to render a capricious and arbitrary verdict in total disregard of the facts. A' verdict must be consistent with some legitimate theory of the testimony, or what the testimony tends to prove, and where it is not warranted by any legitimate analysis of the evidence, or what may be fairly inferred therefrom, it should be set aside.

Counsel for plaintiff contends that as the issues were found in his favor, the defendant cannot complain that the verdict was not for the full amount to which he was entitled. If it could be said that from the testimony the contract relied upon by plaintiff was established without question, and that he had been discharged without cause, so that there was no question about plaintiff's right to recover a larger sum than was awarded him by the verdict of the jury, the rule contended for by his counsel might obtain; but from the case as presented by the record before us, it does not. It awards damages in a sum which, under the testimony, is not only inconsistent with, but repugnant to, the facts which it purports to find, and upon which the award is based.

Counsel for defendant present other questions which we do not deem it necessary to pass upon, but by not considering them, it must not be understood that we regard them as without merit.

The judgment of the district court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE HILL concur.