[No. 5558.]

.LENANDER v. GRAVES ET AL.

**Pleadings and Evidence—Variance**—There can be no finding upon a quantum valebat, where the evidence tends to show no more than a special contract of employment at a specified commission.—(248)

*Appeal from Conejos District Court*—Hon.
CHARLES C. HOLBROOK, Judge.

Mr. N. Q. TANQUARY, Mr. JAS. D. PILCHER, for
appellant.

Mr. JESSE STEPHENSON, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of
the court:

Plaintiffs, as co-partners, sued for a broker's
commission which they claim to have earned in sell-
ing defendant's real estate. The complaint, in a
single count, or statement, alleges an express con-
tract whereby defendant agreed to pay plaintiffs a
commission of $920, and that their services were
reasonably worth that sum. The jury returned a
verdict for $240, and from the judgment entered
thereon defendant appeals.

The judgment is wrong. If plaintiffs' testimony
is right, the verdict should have been for $920.
If defendant is to be believed, the finding should
have been for him. There is no basis in the evi-
dence for the amount of the verdict as returned.
Possibly the jury tried to apply an improper in-
struction to the effect that, if plaintiffs performed
services for defendant in the sale of lands, they
might find for plaintiffs for the value thereof, as
shown by the evidence, less any payment that may
have been made thereon. There is not a word of
evidence in this record to show value. The only evi-
dence as to compensation, or commission, was the
testimony of one of the plaintiffs that defendant
agreed to pay $920 for such services, if rendered.
There is evidence that defendant had paid various
sums of money to one of the plaintiffs, but not to
plaintiffs in their partnership capacity, but it is not
claimed by either of the parties to this action that

such payments were made upon the claim here in suit. It may be that the jury, under the instruction of the court, supposed they were justified in applying such payments upon this claim, and, having found the issues for plaintiffs upon an express contract, they may have arrived at their verdict by deducting from the $920 the amount of these payments. But a moment's consideration will show that these payments, made by defendant to one of the plaintiffs in the individual capacity of the latter and upon other transactions, could not be applied on the claim in suit.

Defendant says in his brief that objection was seasonably but unsuccessfully made below to the combination in one statement of two distinct causes of action, but the abstract does not bear him out. It is not necessary, however, to pass upon this, or any other of the remaining assignments of error; or further to speculate as to the reasons that may have actuated the jury.

The judgment is wrong upon any hypothesis, and has no basis whatever under the evidence.

Cases directly in point are: *Hassell I. W. Co. v. Cohen et al.*, 36 Colo. 353; *Robeson v. Miller*, 4 Col. App. 313.

The judgment is reversed, and the cause remanded.                    *Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.