[No. 7000.]

BURLINGTON INTERURBAN RAILWAY CO. v. CHAPMAN.

1. APPEALS AND WRITS OF ERROR—*Judgment Not Conforming to Pleadings*, nor supported by the evidence must be reversed.

2. EVIDENCE—*Variance*—When the plaintiff declares on a special contract for a fixed salary there can be no recovery on a *quantum meruit*. Evidence of the value of the service is not to be received.

*Error to Denver County Court.*—HON. CLIFTON R. BASSELL, Judge.

Mr. H. E. CHURCHILL, for plaintiff in error.

Mr. JOHN J. WHITE, for defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the court:

The suit is to recover $590.35, of which $500.00 is claimed for salary, as an officer and employee of the defendant company, and $90.35 for expenses incident to the discharge of his duties in such employment. The complaint alleges that the plaintiff performed services as second vice-president of the defendant, for which the latter agreed to pay him $125.00 a month and attendant expenses. The defendant answered denying the employment and service. Trial was to the court by consent. Plaintiff had judgment for $300.00, and the defendant brings the case here for review on error.

Upon no theory was the plaintiff entitled to a judgment for $300.00, and there is nothing in the pleadings or testimony upon which it can be based. The court found against the plaintiff on the item of expense, which, in connection with the particular judgment rendered, is strongly indicative of the fact that the court was not satisfied that any part of the contract had been made out or established by proof. On the question of salary, the right of recovery, not the amount of it, was the issue, and judgment should have been, if for anything, for the full sum. The plaintiff claimed $500.00 on this account, and no other amount; the defendant says nothing whatsoever was due. If the contention of the plaintiff is right, then the judgment should have been for $500.00, and it could not have been for any other sum. If the contention of the defendant is correct, then the judgment should have been in its favor, and to the effect that there was nothing due for salary. There is not a syllable of testimony to support the judgment which was rendered. It is wrong upon any hypothesis and is indefensible. It is a mere arbitrary and capricious judgment, utterly unsupported by the proofs, and one which cannot possibly be upheld. How the court below could find this particular sum due the plaintiff, this court is wholly unable to conjecture. There is no express finding that there was a contract for salary, as claimed, and the great weight of evidence is the

other way.   The defendant has an absolute right to have the
dispute determined upon the issue tendered.   This was not
done, but judgment was entered on a theory neither presented
by the pleadings nor supported by the evidence.   If the plain-
tiff's theory was right, the judgment is wrong, and if the de-
fendant's theory was right, the judgment is wrong.   The suit
was on a specific contract for a fixed sum as salary; there was
no attempt to show the value or worth of the alleged service,
and such proof would not have been competent under the
pleadings.   Under the circumstances of this case and the
proofs offered, the recovery for salary must be on the contract
as laid, or not at all.   This precise point has been determined,
in accord with the views here expressed, in *Robeson v. Miller,*
4 Colo. App. 313; *Hassell I. W. Co. v. Cohen,* 36 Colo. 353;
*Burns-Moore Co. v. Watson,* 45 Colo. 91; and *Lenander v.
Graves,* 45 Colo. 246.

The judgment is reversed and the cause remanded for a
new trial according to law.

Mr. JUSTICE MUSSER and Mr. JUSTICE WHITE concur.