[No. 7131.]

## JENSEN V. NALL.

1. TRIAL—*Pleadings and Evidence—Variance*—Where the plaintiff counts for services rendered under a special agreement there can be no recovery upon a *quantum meruit*.

2. PRACTICE—*Judgment Not Conforming to the Pleadings*—Where plaintiff counts for a precise sum, as due him for services rendered under an express contract, a judgment for a less sum, there being no evidence of the value of the services, will be reversed. *Burlington Company v. Chapman, ante* 28 followed.

*Error to Larimer District Court.*—Hon. HARRY P. GAM-BLE, Judge.

Messrs. GARBUTT, CLAMMER & SARCHETT, for plaintiff in error.

Mr. P. D. NELSON and Mr. J. F. FARRAR, for defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the court:

The suit is for the recovery of $425.00 as a commission upon a claimed sale of real estate. The complaint alleges a sale under contract for a specific commission. The answer admits the contract, but denies that the plaintiff procured a purchaser, aided in the sale or performed any service whatever. Upon trial a jury returned a verdict for $200.00, upon which judgment was duly entered. Defendant brings this case here for review on error.

There is no controversy concerning the agreement for a specific commission. There was neither allegation nor proof touching the value of the supposed service. The only question at the trial was whether the plaintiff had procured a purchaser and effected a sale. Under the pleadings and proofs the jury could have returned a verdict for the plaintiff for no other sum than $425.00; so that the verdict for $200.00 and the judgment entered thereon cannot stand. The right of recovery, if any, is upon a contract for a stated commission, and no recovery on a *quantum meruit* or *quantum valebat* was competent. There was no such issue, and no evidence whatever was adduced upon which to predicate the verdict returned. If the jury found that the plaintiff fully complied with the contract, judgment should have been in his favor for $425.00, the full amount claimed; and if it found that he had not fulfilled his contract, he was entitled to nothing whatever. In no event was he entitled to the arbitrary and capricious award of $200.00. This is a sum which, under the pleadings and testimony, is not only inconsistent with, but repugnant to, the facts which it purports to determine, and upon which the award is based.

The case of *Burlington Interurban Railway Company v. Chapman*, decided May 6th, 1912, where this identical question was determined, is decisive of the like proposition here. Upon the authority of that case, and the following cases therein cited, the judgment is reversed and the cause remanded for a new trial in conformity with the views herein expressed.—*Burns-Moore Company v. Watson*, 45 Colo. 91; *Lenander v. Graves*, 45 Colo. 246; *Hassell v. Iron Works Co.*, 36 oClo. 353; and *Robinson v. Miller*, 4 Colo. App. 313.

*Judgment reversed and cause remanded.*

Mr. JUSTICE MUSSER and Mr. JUSTICE WHITE concur.