[No. 7331.]

FERRARI V. BROOKS-HARRISON FUEL CO.

DAMAGES—*Inadequate—New Trial*—Where, if plaintiff is entitled to recover at all, he is entitled to substantial damages, a verdict for one dollar must be attributed to passion and prejudice or misconception of the law or evidence. Under the statute (Rev. Code sec. 236), a new trial must be granted.

*Error to Boulder District Court.*—Hon. JAMES E. GARRIGUES, Judge.

Messrs. STARK & MARTIN and Mr. A. C. PATTON, for plaintiff in error.

Mr. L. O. HAWKINS, for defendant in error.

Mr. JUSTICE HILL delivered the opinion of the court:

This action was for personal injuries resulting to the plaintiff in error from an explosion in the defendant's coal mine while the plaintiff was employed therein by the defendant as a coal miner. The verdict of the jury was for the plaintiff in the sum of $1.00; he brings the case here for review upon error. The defendant's alleged negligence, and the alleged contributory negligence of the plaintiff were passed upon by the jury, who found both issues in favor of the plaintiff. This entitled him to reasonable compensation for the injuries which he had sustained. The sum of $1.00 awarded is not

supported by any testimony, but is in conflict with all the evidence. If the plaintiff was not entitled to damages the verdict should have been for the defendant, or if his damages were limited to pain, loss of sleep, physical or mental suffering and similar items, the value of which cannot be accurately fixed by testimony, then the amount fixed by the jury, in most cases, is controlling.—*McDonald v. Union Pacific Ry. Co.*, 42 Fed. 579; *Pritchard v. Hewitt*, 91 Mo. 547.

In the case at bar while the damages claimed included items for loss of sleep, pain, physical and mental suffering, they are not limited to these. The pleadings admit the accident and that the defendant was slightly injured, while the undisputed evidence discloses that the accident occurred; that the defendant received injuries therefrom which required and received the attention of a physician who reached him about an hour and a half after he was burned; that he dressed his wounds and gave him a hypodermic of morphia; that he saw him again the same day, and that he dressed the wounds twice a day thereafter for a week or ten days, then once a day for another week; that during the first week the plaintiff was confined to his bed; that during the next two weeks he was up and down; that some slight disfigurement received by the burns will be permanent; that at the time of the injury the plaintiff was thirty-seven or thirty-eight years of age, in reasonably good health; that he had an earning capacity and was then working and earning from $2 to $4 a day; that upon account of this accident he lost some time, and his earning capacity, at least temporarily, was materially diminished. The evidence was in conflict as to the time lost, ranging from a minimum of three weeks, to a minimum of six months.

It will thus be observed that the verdict was grossly inadequate, not supported by any evidence, and must have been rendered under the influence of passion or prejudice or by some misconception of the law or the evidence. Under such circumstances a new trial is provided for and should have been granted under either the fifth or sixth sub-division of sec-

tion 236, Revised Code, 1908.    See also, *Sanderson v. Frazier,* 8 Colo. 79.

In *Burns-Moore Co. v. Watson,* 45 Colo. 91, this court held that a capricious and arbitrary verdict unsupported by any legitimate view of the testimony cannot stand. In that case, upon any of the facts proved, the plaintiff was entitled to a very much larger or a very much less award than made. The same principle is applicable here.    This plaintiff was entitled to some reasonable amount, consistent with the damages sustained, as shown by the evidence, or to nothing.    Under such circumstances a verdict like this ought not to stand.— *Robeson v. Miller,* 4 Colo. App. 313; *The Hassell I. W. Co. v. Cohen,* 36 Colo. 353; *Lenander v. Graves,* 45 Colo. 246; *Burlington Interurban Ry. Co. v. Chapman,* 123 Pac. (Colo.) 649 *ante* 28; *Michalke v. Galveston, H. & S. A. Ry Co.,* 27 S. W. (Tex.) 164; *Whitney v. City of Milwaukee,* 27 N. W. (Wis.) 39; *Kelly v. City of Rochester,* 15 N. Y. Sup. 29; *Aiello v. Aaron et al.,* 68 N. Y. Sup. 186; *Brown v. Foster,* 37 N. Y. Sup. 502; *Smith v. Dittman,* 11 N. Y. Sup. 769; *Moseley v. Jamison,* 68 Miss. 336; *Ellsworth v. City of Fairbury,* 60 N W. (Nebr.) 336; *Barrette v. Carr and Carr,* 75 Vt. 425; *Fairgrieve v. Moberly,* 29 Mo. App. 141; *Welch v. McAllister,* 13 Mo. App. 89; *Chouquette v. Southern Electric R. Co.,* 53 S. W. (Mo.) 897; *Miller v. Delaware, L. & W. R. Co.,* 33 Atl. (N. J.) 950.

The judgment is reversed and the cause remanded for a new trial.                                *Reversed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE GABBERT concur.