[No. 7535.]

### GALLIGAN v. LUTHER.

1. PLEADINGS—*Amendment*—An amended complaint is not to be filed without leave of the court.

A judgment rendered after a trial had without notice to the defendant, upon an amended complaint filed without leave, and increasing the plaintiff's damages, should be vacated on motion.

2. NEW TRIAL—*Verdict Not Conforming to the Evidence*—A verdict must be supported by the evidence, and consistent with some legitimate theory of what the testimony tends to establish. If wholly at variance with the testimony and the theory upon which the cause was tried, it should be vacated.

*Error to Pueblo District Court.*—Hon. C. S. ESSEX, Judge.

Mr. M. J. GALLIGAN, plaintiff in error, *prose.*

Messrs. McCORKLE & McCORKLE, for defendant in error.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Plaintiff in error commenced an action against the defendant in error to recover the sum of three hundred and fifty dollars, claimed as the balance due for services as an attorney in the sum of five hundred dollars, and fifty dollars advanced at the defendant's request. After the issues were made, plaintiff, without leave of court, or application for that purpose, filed an amended complaint, in which he claimed that the services rendered were worth the sum of one thousand dollars, and prayed judgment for eight hundred and fifty dollars. A copy of this amendment was served upon counsel for defendant. A few days after service of the amendment, plaintiff, without notice to defendant, or rule upon him to plead to the amended complaint, had the cause set for trial. Pursuant to this order, and without any further proceedings or knowledge on the part of defendant, plaintiff tried the cause before a jury, and obtained a verdict for eight hundred and fifty dollars, upon which judgment was rendered. Shortly after defendant moved to set aside the verdict and judgment upon the ground, among others, that the cause was not at issue, when tried. This motion was sustained. Thereafter, the defendant filed an amended answer to the amended complaint, and the cause was tried before a jury, and a verdict rendered for fifty dollars, upon which judgment was entered. The plaintiff brings the case here for review.

The first point urged is, that the court erred in setting aside the judgment. Without leave of court the plaintiff was, without right to file an amended complaint. After the amended complaint was filed, increasing the claim for services from five hundred to one thousand dollars, the cause was tried without notice to defendant, and in his absence, and without an amended answer or rule to file one. We think the court ruled correctly in setting aside the judgment.

The defense was to the effect that plaintiff had agreed to render the services to recover the value of which the action was brought for the sum of two hundred and sixty dollars, upon which defendant had paid two hundred and forty-six dollars. The testimony on the part of defendant tended to support this contention. It was also claimed on his part that plaintiff had not complied with his agreement, and for that reason he had been compelled to employ other counsel. There was no testimony as to what sum he had paid on this account, or what the services of other counsel were reasonably worth.

The claim of plaintiff was, that there was no express agreement, but that he was to be paid the reasonable value of the services rendered. The testimony on his behalf was that they were worth the sum claimed. There was no evidence to the contrary. Plaintiff testified that only two hundred dollars had been paid. The verdict rendered was wholly at variance with the testimony, and the theory upon which it was tried and submitted to the jury by the respective parties. A verdict must be consistent with the testimony and the facts which it purports to determine. It must be consistent with some legitimate theory of the testimony or what the testimony tends to prove; and when it is not warranted by any legitimate analysis of the evidence or what may be fairly inferred therefrom, it should be set aside.—*Burns-Moore M. & T. Co. v. Watson,* 45 Colo. 91.

According to the testimony on behalf of plaintiff, he was entitled to recover practically the sum claimed in his complaint. According to the testimony of the defendant, he had paid plaintiff two hundred and ten dollars on account of services rendered under his special contract with plaintiff, and thirty-six dollars for court costs, while plaintiff testified that nothing had been paid on account of the latter item, although for this purpose he had advanced fifty dollars. That this sum had been advanced was not denied by defendant, so that, according to the testimony, bearing on the subject of the amount advanced for costs, he would owe plaintiff the sum of fourteen

dollars, and, from the testimony of the defendant as to the balance of the contract, the sum of fifty dollars, leaving the amount due plaintiff the sum of sixty-four dollars; or, if we accept the testimony of plaintiff that nothing had been paid for court costs, then defendant would owe him fifty dollars on this account, and if the contract was established, the defendant would owe him sixty dollars more, making a total of one hundred and ten dollars. Counsel for defendant seek to avoid this situation by claiming the jury believed that plaintiff had agreed to render the services involved for two hundred and sixty dollars; that he had received two hundred and forty-six; and that as he had not tried some of the cases, and therefore had not complied with his contract, which necessitated the employment of other counsel, the fifty dollars awarded was for the costs advanced by plaintiff. This theory is wholly at variance with the testimony of defendant, or entirely without testimony to support it. If adopted, then we would be required to accept the conclusion that the jury concluded that the failure of plaintiff to comply with his contract had necessitated the defendant employing other counsel to take care of the litigation, at an expense of fourteen dollars, when there is no testimony whatever as to what sum he expended, or the amount of the obligation he assumed on this account.

Again, he did not claim that the thirty-six dollars which he testified he had advanced was for other than court costs, so that he was not in a position to assert that this sum had been paid the plaintiff for services. It is impossible to reconcile the verdict with any theory of the case, or the testimony. In addition to the authority cited, we also call attention to *Burlington Interurban Ry. Co. v. Chapman,* 53 Colo. 28, 123 Pac. 649; *Leander v. Graves,* 45 Colo. 246; *Hassel v. Iron Works Co.,* 36 Colo. 353; *Robeson v. Miller,* 4 Colo. App. 313; *Jensen v. Nall,* 53 Colo. 212, 124 Pac. 471; *Ferrari v. Fuel Co.,* 53 Colo. 259, 125 Pac. 125.

The judgment of the district court is reversed and the cause remanded for a new trial.   *Reversed and Remanded.*

Mr. JUSTICE MUSSER and Mr. JUSTICE HILL concur.