Morgan, Judge,

dissenting:

An action for damages for the breach of a contract for the purchase or sale of personal property is, oftentimes, as in this case, nothing more than a claim for the benefit of the rise or fall in the market price of the commodity purchased or sold, even when a future delivery is actually intended; and the wisdom of the law, as announced in many adjudicated cases, has limited a recovery in such instances, except as to some special damages suffered, to the difference between the contract price and the market price at the time and place of delivery, or, if there be Ho market there, then the value, at such place, to be determined by the market price at the nearest place where there is a market, less the extra expense of delivery thereat. This is a wholesome general rule, “made in gross for men in the mass,” and especially honored for the circumscribed limitations under which it must be applied. It tends to promote certainty and stability in business, by permitting a recovery, under the limitations, sometimes in the nature of a penalty (as stated in my dissenting opinion in Leeper v. Schroeder, 24 Colo. App., 164, 132 Pac., 704), beyond the actual loss of the party suing.
In this ease no actual loss occurred to the plaintiff, *226 except the expense proved and the $100.00 paid, which he should recover by the ordinary procedure. The lower court, however, submitted an erroneous rule as to the measure of damages, by instructing the jury that the plaintiff was entitled to recover the difference between the contract price and what the testimony shows he would have received upon the sale thereof, less expenses of transportation to the place of sale, without further limitation as to such measure; although the plaintiff pleaded that he would have received $27.50 a head for the horses at La Junta, Colorado, and testified to. the same effect, and defendant testified to a sale of ninety-seven head at St. Louis, Missouri, at $15.30 a head, net, and to a sale of one hundred and ninety-seven head at Cherry Creek, Nevada, at $13.00 a head, net.
Now, the place of delivery was Cherry Creek, and the plaintiff did not prove that there was no market at the latter place, or that the horses had no value there, or that either of the other places was the nearest market thereto; and the motion for a new trial should have been granted, on the grounds stated in the motion that the verdict was contrary to the instructions and the evidence, and not warranted thereby.
“Where the verdict is not in harmony with the instructions and is not supported by any evidence, the judgment must be reversed.” — Hassell L. W. Co. v. Cohen, 36 Colo., 353, 85 Pac., 89.
The majority opinion concedes the instruction was wrong, but permits a recovery of $1,465.98, upon the theory that the jury adopted the price received in St. Louis, and thus followed the instruction given, and for the further reason that counsel for the appellant, in their brief, say the jury never even followed the “true measure” of damages based on the sale in St. Louis. The majority opinion thus discloses a disposition to enforce the general rule as to the measure of damages, but over *227 looks the limitations circumscribing it, and discloses an effort to allow a recovery regardless of tbe limitations, and affirms the judgment for a sum of money largely in excess of what seems to me a just amount. As indicated in tbe majority opinion, tbe plaintiff testified that be “tried to settle there for bis expenses and bis money back — tbe $100.00; that tbis was $300.00, and tbe $100.00 made $400.00.”
Tbe evidence furthermore discloses tbe value of tbe horses at tbe time and place of delivery, by a sale, made there, of “one hundred and ninety-seven bead” at $13.00 per bead at tbe time of delivery, as shown by plaintiff’s and defendant’s testimony. Tbis evidence shows tbe measure of damages to be, in tbis case, $3.00 per bead, and a judgment for $600.00, and tbe actual expenses incurred, together with tbe $100.00 paid on tbe contract, would have been tbe only judgment permissible under tbe testimony.
I think we should not bold tbe appellant to tbe mere statement by way of argument in tbe brief that “tbe true rule of law” was based on tbe St. Louis sale, as to tbe measure of damages, as such statement is made for tbe purpose of tbe argument, and to argue that tbe jury never even followed that rule; nor that we should take tbe testimony of tbe defendant as to tbe sale in St. Louis as. a test, as such testimony was introduced merely to show that tbe plaintiff was not justified in refusing to accept tbe same horses when they were offered to him at Cherry Creek, and thereby broke tbe contract himself. There was no evidence that St. Louis was tbe nearest market, and there ivas evidence showing a value at Cherry Creek. Neither do I think that appellant’s failure to object to tbe erroneous instruction should be considered as an agreement on bis part that such instruction was correct. I concur in tbe view that tbe lower court should be advised concerning errors in instructions in order that *228 it may correct the same; but where, as in this instance, the jury did not follow the instruction, and the plaintiff failed to prove the necessary facts upon which to predicate the correct rule as to measure of damages, and where the error could have'been corrected, when called to the court’s attention in the motion for a new trial, the necessity of an objection, and the failure to make it, should not be considered fatal to the appellant’s contention, considering that exceptions were duly allowed to the ruling of the court denying a new trial. Such rigid enforcement of a rule of practice should not be enforced, except' to prevent injustice, or in instances where no injustice will be done. The size of the verdict in this case indicates that the jury were influenced by the erroneous instruction, although they never followed it to the extent of rendering as large a verdict as it commanded; but the verdict clearly indicates that they were left at sea, and, drifting into conjecture, found a verdict that cannot be definitely predicated upon any instruction or upon any evidence in the case.
It is apparent to my mind that the case was tried and the verdict rendered upon no true rule of law as to the measure of damages and upon insufficient evidence upon which to base such a rule, and I think a'judgment based upon such a verdict ought not to stand. The judgment should be reversed.