## No. 8818.

### BROCKER v. HUNT ET AL.

NEW TRIAL—*Verdict not Supported by Evidence*, cannot stand.

*Error to Denver District Court, Hon. A. Watson McHendrie, Judge.*

Mr. CHARLES A. MURRAY, for plaintiff in error.

Opinion by Mr. Justice Allen:

THIS is an action brought by the plaintiff in error, as a landlord, against the defendants in error, as tenants, to recover a sum alleged to be due as rent on the leased premises. By the complaint the plaintiff claims $620.00 and interest. By their answer the defendants admit $420.00 of such claim, but set up a counter-claim for $1,700.00 alleged to be due them as a reimbursement for their expense in making certain improvements upon the property. The jury awarded a verdict of one dollar for the plaintiff landlord. Judgment was rendered accordingly, and plaintiff below brings error.

It is contended here, as it was upon motion for new trial, that the verdict should have been set aside upon the ground that it is inconsistent with any theory advanced by either side in the pleadings or the evidence, and that it is unsupported by the evidence.

If the evidence on the part of the defendants tended to prove or did prove their counterclaim, as to which we express no opinion, a verdict if in their favor should have awarded them on their counterclaim the sum of $1,700.00, claimed by them, or some sum not far below that, from which would be deducted at least the sum of $420.00 which is admitted by them to be due plaintiff on the rent, leaving a balance in their favor, which would be designated in the verdict, a sum approximately $1,280.00. On the other hand if, under the evidence, the plaintiff is entitled to prevail and the counterclaim be disallowed, he is entitled to at least $420.00, if not the $620.00 sued for.

The verdict for the plaintiff, awarding him one dollar, cannot, in view of the foregoing circumstances, be allowed to stand.    It is not supported by any evidence.    If the theory and evidence of the plaintiff should be taken or followed, the verdict should have been for him in the sum of at least $420.00.    In the theory of the defendants should be taken, a verdict in their favor should have been for at least $1,000.00.    As said in *Hassell Iron Works v. Cohen,* 36 Colo. 353, 355, 85 Pac. 89, "there being no evidence upon which the verdict can be sustained, the judgment based upon the verdict must be reversed."    *Jensen v. Nall,* 53 Colo. 212, 124 Pac. 471; *Burlington Interurban Ry. Co. v. Chapman,* 53 Colo. 28, 123 Pac. 649; *Ferrari v. Fuel Co.,* 53 Colo. 259, 125 Pac. 125; *Galligan v. Luther,* 54 Colo. 118, 128 Pac. 1123.

The judgment is reversed and the cause remanded.

*Reversed.*

Chief Justice Hill and Mr. Justice Bailey concur.