## No. 9351

### REITLER v. OLSON.

1. PRIOR ACTION PENDING—*To Which Plaintiff is No Party*, is no plea.

2. JUDGMENT—*Who Affected By*, only parties to the action.

3. SPECIAL CONTRACT—*Quantum Meruit.* One who alleges a special contract and gives evidence thereof is not entitled to recover on a *quantum meruit.*

4. PRACTICE IN ERROR—*Failure to Decide Only Question of Facts* properly presented, is error.

*Error to Denver District Court, Hon. John I. Mullens, Judge.*

Mr. EDMUND J. CHURCHILL, for plaintiff in error.

Messrs. HILLIARD & FINNICUM and Mr. W. B. MORGAN, for defendant in error.

Mr. Justice BURKE delivered the opinion of the court.

THE case of William Harvey against Arvid, Olson was pending in the District Court of the City and County of Denver. A referee was appointed therein to take testimony, and he in turn appointed plaintiff in error "as shorthand reporter to take and transcribe the evidence from day to day." After the completion of the work plaintiff in error brought this action against said Arvid Olson, defendant in error, for one-half his compensation as such reporter for the referee, less certain credits thereon for amounts already paid by Olson. The complaint alleges a special contract between the plaintiff and said Harvey and Olson, by which each agreed to pay one-half of said compensation; that plaintiff, has fully performed the contract on his part, and made due demand upon defendant for payment of his proportion of the compensation; but that, except for the credits mentioned, defendant has neglected and refused to make payment.

Defendant admits the appointment of plaintiff, the performance of the services, and his failure to pay. He pleads "another action pending" by reason of an order of court, entered against him on motion of the referee, for the payment of one-half of the reporter's compensation. He pleads *res adjudicata* based upon the same fact, and denies the special contract. Plaintiff, in his replication, meets the defense of "another action pending", and *res adjudicata* by the allegation that he was not a party to the original suit wherein the order was made on motion of the referee. The cause was tried to the court without a jury. The entry of the order on the motion of the referee is uncontradicted. As to the existence of the special contract alleged in the complaint the evidence is conflicting, and is ample to support a finding that there was, or was not, such a contract. The trial occurred November 13, 1917, and at its close the matter was taken under advisement until December 10, 1917, when the court made the following oral findings: "The items sued for by the plaintiff grow out of a reference case of *Harvey vs. Olson*, and his amount is made up of sixty-nine and a half day's service at ten dollars per day; 13,822 folios of original transcript at twenty cents a folio, or $2,764.40; indexing, binding and mounting testimony and exhibits, $200.00, and also, then, there is another question of five cents per folio for copies of the original transcript. I feel in this case that per diems and folios furnished to the original referee are really matters of court costs, and can be adjudicated in the case of the referee, so that finding will be for the defendant. All this matter can be adjusted, I think. The defendant has probably overpaid, in his theory of the case, but the whole matter can be adjusted in the original suit, and for that reason the judgment will be for the defendant." Based thereon the clerk entered a formal finding as follows: "This cause having been heretofore submitted to the Court and by the Court taken under advisement upon the merits of the cause, and the Court being now sufficiently advised in the premises, and the Court having heard the evidence produced as

well on behalf of the said defendant as of the said plaintiff, and the argument of counsel and being now sufficiently advised in the premises, doth find the issues herein joined for the defendant herein."

December 12, 1917, motion for new trial was filed, which was overruled December 14, 1917, and the following order and judgment entered: "It is ordered by the Court that judgment be entered herein in favor of the defendant for his costs in accordance with the finding of the Court and let the same be recorded in the Judgment Book.

The Court having this day ordered that judgment be entered herein in accordance with the finding of the Court; now therefore,

It is considered by the Court that the said plaintiff take nothing by his said suit; and that said defendant go hence hereof, and have and recover of and from the said plaintiff his costs in this behalf laid out and expended, to be taxed, and have execution therefor." The case is now before us for review on error.

Burke, J., after stating the case as above.

The defenses of "another action pending" and *res adjudicata* are clearly unavailing. Plaintiff was not a party to the original action; his claim of a special contract covering his services was not adjudicated therein; he was not heard upon the entry of the order in question, and is not bound thereby.

Aside from the foregoing the sole question for consideration of the trial court was, "Did the plaintiff have an express contract as alleged in his complaint?" If not judgment should have been for the defendant. If so judgment should have been for the plaintiff for the amount due him thereunder. Having set up such a contract, and offered evidence thereof, plaintiff could obtain no relief on a *quantam meruit. Burlington Co. v. Chapman,* 53 Colo. 28-29, 123 Pac. 649; *Jensen v. Nall,* 53 Colo. 212-213, 124 Pac. 471. The court could give no judgment without first determining the fact of the existence, or non-existence, of the contract pleaded. Had the court made no specific find-

ings, but entered a general judgment, the presumption always indulged in such cases would unquestionably attach, and the judgment be upheld on the theory that the court had found the existence of the facts essential to its validity. Had the court given a wrong reason for its findings and judgment, and the record disclosed other reasons making the entry of such judgment obligatory, it would not be disturbed. But the record and bill of exceptions before us clearly establish, not only that the court gave the wrong reason for the judgment entered, but that it declined to pass upon a disputed question of fact which was the only question properly before it for adjudication. "The defendant (or plaintiff) has an absolute right to have the dispute determined upon the issue tendered. This was not done, but judgment was entered on a theory neither presented by the pleadings nor supported by the evidence." *Burlington Co. v. Chapman, supra.* Judgment was entered for the defendant "for the reason" that "The whole matter can be adjusted in the original suit" showing a failure and refusal on the part of the court to pass upon the question of the existence of the special contract sued upon, which was the sole matter in litigation. Plaintiff is entitled to judgment for or against him on his cause of action. That right has thus far been denied him. This court is without power to determine questions of fact on conflicting evidence, and it is error for the trial court to refuse to pass on an issue made by the pleadings and essential to a determination of the litigation. *Cincinnati v. Kemper, et al.,* 9 Ohio Dec. (Reprints), 742.

The judgment is accordingly reversed and the cause remanded for further proceedings in harmony with the views herein expressed.

Garrigues, C. J. and Scott, J., concur.

Decided Dec. 1, A. D. 1919. Rehearing denied Feb. 2, A. D. 1920.