No. 15,100.

Hedgpeth *v.* Schoen.

(125 P. [2d] 632)

Decided March 23, 1942.   Rehearing denied April 27, 1942.

Mr. John W. O'Hagan, Mr. William R. Baab, for plaintiff in error.

Mr. Paul Maltby Clark, Mr. Robert G. Smith, for defendant in error.

*In Department.*

Mr. Justice Bakke delivered the opinion of the court.

PLAINTIFF in error, plaintiff below, brought this action against defendant in error, a physician, for damages suffered from alleged careless and negligent treatment by said defendant in error and asked for $681.45 on account of expenses in connection with her injuries and $5,000 by reason of physical suffering and discomfort and mental anguish, costs of action and for any other and further relief as to the court might seem just and proper in the premises. The matter was submitted to a jury which found for the plaintiff and fixed her damages in the sum of $236.15. Plaintiff, alleging inadequacy of the amount of damages awarded by the judgment, seeks reversal on an application for supersedeas, and since the legal point involved is relatively simple we conclude to so dispose of the matter.

The alleged negligence consisted of the maladministration of an injection of neo arsphenomine—a solution containing arsenic—in the arm, said drug being used in treating trench mouth from which plaintiff was suffering. Defendant is not here resisting the allegation of negligence, so we do not pass upon that question.

The point argued for reversal is the alleged error of the trial court's refusal to grant a new trial because of the inadequacy of the damages awarded. It is contended that the motion for a new trial should have been granted under the provisions of paragraphs 5 and 6, section 237, Code of Civil Procedure (¶¶[5] [6] Rule 59, R.C.P. Colo.) which permit the granting of such a motion where inadequate damages appear, or where there is insufficiency of the evidence.

■■ We think this point is well taken. The undisputed evidence in the case is that plaintiff incurred actual expenses in the amount of $681.45. If defendant was guilty of negligence the following rule applies: "Where an efficient, adequate cause for injuries has been found, it must be considered as the true cause, unless another, not incident to it, but independent of it, is

shown to have intervened." 38 Am. Jur., p. 702. The direct result of the negligence here was the incurrence of the obligations for hospitalization and medical and nursing services. The expenses thus incurred were actual damages. 17 C.J. 710, §3; 25 C.J.S., Damages, §2.

It is apparent that the jury did not follow the court's instruction on the measure of damages. The amount awarded bears no relation to the facts shown by the record. The judgment is clearly inadequate, the evidence does not support it and should not be permitted to stand. A new trial should have been granted. *Ferrari v. Brooks-Harrison Fuel Co.*, 53 Colo. 259, 125 Pac. 125; *Burns-Moore Mining & Tunnel Co. v. Watson*, 45 Colo. 91, 101 Pac. 335.

Judgment reversed and cause remanded with instructions to grant a new trial generally, or as to damages only, in the court's discretion.

MR. CHIEF JUSTICE YOUNG concurs specially.

MR. JUSTICE BOCK and MR. JUSTICE HILLIARD concur.

MR. JUSTICE YOUNG specially concurring.

I concur in the reversal of the judgment, but I am of the opinion that the cause should be remanded with directions to retry the case generally.