No. 19,923.

Jack Palmer, et al., d/b/a Your Realty Service, et al.,
v. James G. Gleason, d/b/a Gleason and Sales
Realty Co.
(389 P. [2d] 90)

Decided February 3, 1964.

Mr. J. Emery Chilton, for plaintiffs in error.

Mr. Francis S. Mancini, for defendant in error.

*En Banc.*

MR. JUSTICE FRANTZ delivered the opinion of the Court.

THE judgment entered on the jury's award of $1500.00 in favor of Gleason and against Palmer, in the former's suit for a broker's commission in the sum of $4700.00, is under attack here by writ of error. Palmer would have us reverse the judgment.

Three reasons for reversal are urged, the first two of which raise questions regarding the sufficiency of the evidence respecting the employment relationship between Gleason and Palmer and the relationship between Gleason and the purchasers of the property, and the third of which assails the verdict on the theory that it is patently a "compromise verdict" and one "not based upon the evidence."

We need treat only briefly the point of insufficiency of evidence. Where there is competent evidence from which the trier of the facts may find that a contract of employment was entered into, and that pursuant thereto the broker produced a purchaser ready, willing and able to buy on the terms and at the price set by the vendor, and that the broker was the efficient agent or procuring cause of the sale, a finding in accordance therewith will not be disturbed. *Carpenter v. Francis*, 136 Colo. 494, 319 P. (2d) 497.

It is unnecessary to recite the evidence which moves us to say that the foregoing rule is applicable to this case; we only observe that we have read the record and are satisfied that the jury had before it for consideration evidence from which it could justifiably find for Gleason on the matters which Palmer asserts are insufficiently proved in this case.

In order to properly resolve the attack on the verdict, some pertinent facts must be considered. It is the position of Palmer that, under the allegations in Gleason's complaint, and under the contract of employment upon

which he relies, Gleason is entitled to $4700.00 commission or nothing. Palmer's contention would be well taken were the verdict not the result of self-invited error.

Your Realty Service had handled the sale of Mr. Palmer's property and had received a commission of $3000.00, accepting less than it was entitled to under its contract in order to bring about a sale of the property for a sum less than Palmer wanted for it. Palmer had been called as an adverse party by Gleason, to answer leading questions under the rule. In answer to a question, Palmer volunteered testimony to the effect that Gleason had demanded one-half of the commission paid to Your Realty Service. After Gleason had completed such examination, Palmer was interrogated by his own counsel, who elicited from him testimony to the effect that Gleason had made a demand upon him for one-half of the commission paid to Your Realty Service and that it was up to Palmer to see that Gleason got this sum.

The jury heard Palmer so testify, and we are satisfied that the verdict for $1500.00 was not the result of fortuity but was prompted by this testimony. It is to be noted that Palmer injected this apparently decisive testimony into the case.

Ordinarily, a broker suing on a contract providing for a fixed commission is entitled to that commission or nothing. *Jensen v. Nall*, 53 Colo. 212, 124 Pac. 471; *Lenander v. Graves*, 45 Colo. 246, 100 Pac. 403. Although there are decisions to the contrary (*Board v. Bedell*, 13 Colo. App. 261, 57 Pac. 187; *Gaynor v. Clements*, 16 Colo. 209, 26 Pac. 324), this Court has generally held that employment contracts with fixed commissions or salaries involve liquidated sums and therefore judgments in suits on them must be for the liquidated amounts or nothing. *Jensen v. Nall*, supra; *Lenander v. Graves*, supra; *Burlington Interurban Railway v. Chapman*, 53 Colo. 28, 123 Pac. 649; *Robeson v. Miller*, 4 Colo. App. 313, 35 Pac. 880.

And even where a liquidated sum is involved, this Court has affirmed a judgment for a substantially less amount than the sum fixed by the contract where the successful party assigned no cross-error. *Agate Co. v. Sigman,* 86 Colo. 317, 281 Pac. 363; *Gaynor v. Clements,* supra; *Board v. Bedell,* supra.

■ Whatever the rule may be, it is rendered inapplicable in this case because of an erroneous verdict induced by the conduct of Palmer. He is in no position to complain.

Decisions are myriad which hold that a party may not complain where he has been the instrument for injecting error in a case; he is expected to abide the consequences of his acts. 5 C.J.S. 857, § 1501.

One who has injected into evidence improper matter which apparently the jury acted upon is in no position to complain. *Bolles v. Kinton,* 83 Colo. 147, 263 Pac. 26, 56 A.L.R. 814. See *Lundquist v. Eisenmann,* 87 Colo. 584, 290 Pac. 277.

The judgment is affirmed.

MR. JUSTICE DAY not participating.