## No. 25212

**The People of the State of Colorado v. Gilbert E. Shackelford**
(511 P.2d 19)

Decided June 11, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Aurel M. Kelly, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane,

Chief Deputy, Burton Keith Watson, Deputy, Lee Belstock, Deputy, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE ERICKSON.

The defendant, Gilbert E. Shackelford, was charged with robbing Patricia A. Moeller. 1967 Perm. Supp., C.R.S. 1963, 40-5-1. He was tried by a jury and convicted. On appeal, he seeks a new trial on the ground that he was not given a fair trial. He claims that he was prejudiced by the presentation of evidence relating to a crime which was separate and apart from the robbery with which he was charged.

The complaining witness, Patricia Moeller, was walking with an elderly woman when two girls struck her elderly companion, knocked her down, and stole her purse. Patricia Moeller sought and obtained assistance from the residents of a nearby apartment house. When she returned and endeavored to help her aged friend, the defendant allegedly snatched Patricia Moeller's purse and fled. The two residents of the apartment house who responded to the request for help saw the second robbery and were able to apprehend the defendant. The injuries which were inflicted on the elderly woman caused her death.

In the course of the trial, defense counsel sought to have the court advise all witnesses that they should not answer any question in such a manner as to indicate that the elderly woman had died as a result of the injuries she suffered when her purse was snatched. The court declined to enter such an order but told the district attorney that he should avoid asking any questions which might lead to a mistrial.

Witnesses were sequestered by the trial judge at the request of defense counsel. Thereafter, defense counsel's questions relating to the sequestration order and the events surrounding the criminal episode brought about the answers which defense counsel claims require reversal. In the course of cross-examination, defense counsel asked a wide-open

question of a witness who saw the robbery occur. The witness responded by saying that Patricia Moeller told him that her companion died from the injuries she suffered when her purse was snatched. Defense counsel did not make a contemporaneous objection or move to strike the answer. Moreover, he did not seek protective orders from the court or move for a mistrial at the time the answer was given. The unwanted testimony would not have appeared before the jury if defense counsel had not pressed the witness for that last answer. It was defense counsel's error in trial strategy which he now claims as a basis for reversal. In *Palmer v. Gleason,* 154 Colo. 145, 389 P.2d 90 (1964), we said:

"Decisions are myriad which hold that a party may not complain where he has been the instrument for injecting error in a case; he is expected to abide the consequences of his acts. 5 C.J.S. 857, § 1501."

*Fresquez v. People,* 178 Colo. 220, 497 P.2d 1246 (1972); *Neighbors v. People,* 171 Colo. 349, 467 P.2d 804 (1970); *Stilley & Scheer v. People,* 160 Colo. 329, 417 P.2d 494 (1966).

Moreover, the facts of the case establish that the events which immediately preceded the robbery of Patricia Moeller were an inseparable part of the criminal episode and were admissible as part of the *res gestae. Armijo v. People,* 134 Colo. 344, 304 P.2d 633 (1956).

Accordingly, the judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE GROVES, and MR. JUSTICE LEE concur.