600 P.2d 123 (1979)
Arnold FINNIGAN, Plaintiff-Appellant,
v.
Mike SANDOVAL, Defendant-Appellee.
No. 78-515.
Colorado Court of Appeals, Div. II.
September 6, 1979.
John R. Naylor, Henry J. Geisel, Pueblo, for plaintiff-appellant.
Kintzele & Collins, James R. Collins, Denver, for defendant-appellee.
ENOCH, Chief Judge.
Plaintiff sued defendant for damages on the grounds of an alleged assault. In a trial to the court, the court denied relief to plaintiff on the basis that plaintiff was more negligent than defendant and that plaintiff's negligence was the proximate cause of his own injuries. Plaintiff appeals and we reverse.
Plaintiff's main contention is that the court erred when it applied the law of negligence instead of the law of intentional tort to the facts of the case. We agree.
Plaintiff's complaint was based on an alleged assault, and the evidence presented was consistent only with that theory of recovery. Thus, the court's consideration of negligent conduct by defendant and contributory negligence by plaintiff *124 was improper. See Maes v. Tuttoilmondo, 31 Colo.App. 248, 502 P.2d 427 (1972). Cf. Mooney v. Carter, 114 Colo. 267, 160 P.2d 390 (1945); Carman v. Heber, Colo.App., 601 P.2d 646 (1979). (Trial court's finding of intentional tort committed by defendant rendered application of comparative negligence principles improper.)
Further, the issue of intent was never considered by the trial court and thus plaintiff has not had his day in court on the cause of action made out by his pleadings. Reitler v. Olson, 68 Colo. 65, 187 P. 313 (1920).
Since the judgment must be reversed on the above basis, we need not consider the other issues raised.
The judgment is reversed and the cause is remanded for a new trial.
SILVERSTEIN and PIERCE, JJ., concur.