JOHNSON–VOILAND–ARCHULETA, INC., a Colorado Corporation, Plaintiff-Appellant, Cross-Appellee,

v.

ROARK & ASSOCIATES, a partnership, Defendant-Cross-Appellant,

and

Pacific Mutual Life Insurance Company, Defendant-Appellee,

and

Steele Park Associates, a partnership consisting of Louise Vigoda and Samuel Gray; Mary G. McCormick, and Virginia K. Schneider; Ralph S. Craner, Inc., a Colorado Corporation, Trustee; Kate Ferretti, Inc., and Great Western Building Specialties, Inc., Defendants.

No. 78-061.

Colorado Court of Appeals, Div. III.

Dec. 6, 1979.

Rehearings Denied Jan. 10, 1980.

Certiorari Denied April 7, 1980.

Hutchinson, Black, Hill, Buchanan & Cook, Robert G. Mistler, Boulder, for plaintiff-appellant, cross-appellee.

Weltzer & Worstell, Louis A. Weltzer, Denver, for defendant-cross-appellant.

Towey & Zak, James G. Benjamin, Denver, for defendant-appellee.

KELLY, Judge.

Johnson-Voiland-Archuleta, Inc., instituted this action against Roark & Associates, and others, seeking the collection of engineering fees. The plaintiff asserted a mechanic's lien against real property owned by Steele Park Associates, upon which improvements resulting from the plaintiff's services were erected. In addition, Johnson-Voiland-Archuleta asserted liability against Pacific Mutual Life Insurance Company in its capacity as disburser of the construction loan on the project.

The trial court entered judgment in favor of the plaintiff against Roark & Associates in the amount of $33,050.50 together with accrued interest and costs. The court further determined that Johnson-Voiland-Archuleta had a valid and enforceable mechanic's lien on the property, but dismissed the claim against Pacific Mutual Life Insurance Company.

Johnson-Voiland-Archuleta appeals the dismissal against Pacific Mutual, and Roark & Associates cross-appeals the judgment entered against it. We reverse in part and affirm in part, and remand with directions.

## I.

In dismissing the action against Pacific Mutual Life Insurance Company, the trial court found that Johnson-Voiland-Archuleta failed to establish that Pacific Mutual received the notice required by § 38–22–126, C.R.S.1973. Under § 38–22–126(5), C.R.S.1973, notice to the disburser in a mechanic's lien action "shall be served upon the disburser by certified mail." The statute further provides that upon receipt of such notice, the disburser must pay a claimant the amount due under a mechanic's lien out of any undisbursed funds, or, if the amount is disputed, impound the funds pending agreement or final judicial determination. If the disburser fails to comply with this statute, it is liable to the claimant for the amount which it should have paid to the extent of the claimant's loss.

The trial court found that the required notice was mailed to Pacific Mutual by certified mail on January 25, 1975. It further found that a United States Post Office return receipt, which was admitted in evidence, and was purportedly signed by an agent for Pacific Mutual, constituted an acknowledgment of receipt of the notice. Johnson-Voiland-Archuleta argues that these findings of the trial court require the application of a presumption that Pacific Mutual received the notice.

■ Pacific Mutual, however, relying on *Olsen v. Davidson*, 142 Colo. 205, 350 P.2d 338 (1960), argues that the presumption of receipt does not arise because Johnson-Voi-

land-Archuleta has failed to show that the notice contained the proper postage and the proper address. Pacific Mutual's reliance on *Olsen* for this proposition is misplaced. The notice in *Olsen* was sent by regular mail. Where, as here, notice is sent by certified mail, as expressly authorized by statute, § 38–22–126(5), C.R.S.1973, a showing of certification substitutes for a showing of proper postage. *See Ford v. Genereux*, 104 Colo. 17, 87 P.2d 749 (1939); *cf. Tobias v. State*, 41 Colo.App. 444, 586 P.2d 669 (1978).

■ Similarly, a return receipt showing delivery to the named addressee, which has been properly postmarked by the postal service in the regular manner, supplants a showing of a proper address on the mailed document. Accordingly, here, the return receipt for certified mail raises the presumption of receipt by the addressee, and, since Pacific Mutual offered no evidence to rebut this presumption, its mere denial of receipt in its pleading is insufficient. *See Olsen v. Davidson, supra.*

Pacific Mutual argues that the receipt for certified mail and the return receipt were inadmissible because the plaintiff failed to establish the relationship between the receipt and the letter it purported to accompany. If the return receipt were inadmissible, there would be no competent evidence to establish the mailing.

■ At trial, Pacific Mutual objected to the return receipt only because there was no evidence to show that the signature of the purported agent of the addressee was in fact affixed by an employee of Pacific Mutual. The evidence was properly admitted over the objection made, since, absent evidence to the contrary, it is presumed to have been received by the correct addressee. *See Olsen v. Davidson, supra.* Other challenges to its admissibility, not raised in the trial court, are not reviewable on appeal. *See Russell v. First American Mortgage Co.*, 39 Colo.App. 360, 565 P.2d 972 (1977).

Pacific Mutual further contends that the findings of the court concerning the issue of mailing the notice to the disburser are suspect in this case because the order was prepared by the plaintiff. We have scrutinized these findings critically and have determined them to be sufficient and supported by the evidence. *See Uptime Corp. v. Colorado Research Corp.*, 161 Colo. 87, 420 P.2d 232 (1966).

## II.

In its cross-appeal, Roark & Associates contends that the trial court erred in finding that the plaintiff's fee letter of November 23, 1973, constituted a contract between the plaintiff and itself. The record discloses competent evidence from which the trier of fact could find the existence of a contract based upon the fee letter. *See Palmer v. Gleason*, 154 Colo. 145, 389 P.2d 90 (1964).

Roark's challenge on cross-appeal to the amount of damages, however, has merit. The defendants Roark and Steele Park Associates stipulated that, in the event a mechanic's lien were found, Steele Park, the property owner, would have a judgment against Roark for the amount of the lien. Steele Park also agreed with Johnson-Voiland-Archuleta that the latter would release the mechanic's lien and, in return, Steele Park Associates would pay the plaintiff $20,000.

The trial court entered judgment in favor of Johnson-Voiland-Archuleta and against Roark in the amount of $33,050.50 plus interest and costs. Further, it found a valid mechanic's lien against the Steele Park property. Consequently, it entered judgment against Roark and in favor of Steele Park for $20,000, the amount paid for the release of the mechanic's lien.

The amount to which Johnson-Voiland-Archuleta is entitled is the value of its services as provided in the contract. If the judgment against Roark should stand, Johnson-Voiland-Archuleta would receive $20,000 more than its complaint alleged was due. Since it has been paid $20,000 for the release of the lien, and there is a judgment over against Roark for that amount, the plaintiff's judgment against Roark should be reduced by $20,000.

We have reviewed Roark's other contentions on appeal and find them to be without merit.

The judgment in favor of Pacific Mutual Life Insurance Company is reversed, and the cause is remanded with directions to reinstate the complaint as to Pacific Mutual and for findings regarding Pacific Mutual's liability, if any. The judgment against defendant Roark & Associates regarding its liability on the contract is affirmed. The damage award in favor of Johnson-Voiland-Archuleta is reduced to $13,050.50, and the cause is remanded to the trial court with directions to enter judgment in that amount together with interest as provided by law.

RULAND and BERMAN, JJ., concur.