The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Todd SALTER, Defendant-Appellant.

No. 84CA0730.

Colorado Court of Appeals, Div. II.

Nov. 29, 1985.

Rehearing Denied Dec. 26, 1985.

Certiorari Denied (Salter) April 21, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and David R. Little, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, and Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellant.

VAN CISE, Judge.

Todd Salter (defendant) appeals from the judgment entered on a jury verdict finding him guilty of second degree burglary. We affirm.

The prosecution's evidence established that on the evening of the offense defendant and his friend spent a period of time driving around Broomfield drinking beer. About midnight, they ended up in a shopette, where they broke a glass door of a liquor store and stole a twelve-pack of beer. Defendant's theory of the case was

that his friend stole the twelve-pack, and defendant only stepped inside the door of the store to tell his friend to get out.

At the first trial, the jury was unable to arrive at a verdict. During its deliberations, the jury sent a note to the judge indicating it was split as to defendant's guilt of second degree burglary, but that it unanimously agreed he was guilty of the lesser included offense of first degree criminal trespass. The judge instructed the jurors that they must first unanimously agree that defendant was or was not guilty beyond a reasonable doubt of second degree burglary before arriving at a verdict on second degree criminal trespass. The jury could not agree, and a mistrial was declared. Defendant was convicted of second degree burglary at his second trial.

### I.

On appeal, relying on *Ortiz v. District Court,* 626 P.2d 642 (Colo.1981), defendant first contends the trial court erred in the first trial by not allowing the jury to return a verdict of guilty of the lesser included offense of first degree criminal trespass without first reaching a verdict on the greater offense of second-degree burglary. We disagree.

In *Ortiz,* the court held that a verdict of guilty of a lesser included offense implied acquittal of the greater. That was obviously not the case here. Here, the jury could not agree on whether defendant was or was not guilty of the greater charge.

As stated in *Ortiz:*

"[A] criminal trial may be terminated if the jury is deadlocked and cannot reach a verdict. Reprosecution of an accused under these circumstances is not barred by double jeopardy doctrine....

" '[I]n all cases of this nature, the law has invested courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all of the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. They are

to exercise a sound discretion on the subject....'

"Although explicit findings on the presence of manifest necessity are not required, the record must provide a 'sufficient justification' for the judge's termination of the proceedings short of a verdict."

■ In the present case, the record supports the decision of the trial court, and there was no abuse of discretion in its declaring a mistrial.

Also, defendant's counsel asked for the court's instruction to the jury that it only consider the criminal trespass charge if it unanimously found there was not proof beyond a reasonable doubt on the burglary charge. Thus, defendant's argument cannot serve as a basis for reversal. *See People v. Shackelford,* 182 Colo. 48, 511 P.2d 19 (1973).

### II.

Defendant's other contention for reversal is his claim that in the second trial the court erred in denying the defense request for a mistrial because the prosecutor referred in closing argument to defendant's testimony as "lies." Again we disagree.

The scope of final argument rests in the sound discretion of the trial court, and its rulings thereon will not be disturbed on appeal in the absence of a gross abuse of discretion resulting in prejudice and a denial of justice. *People v. Moody,* 676 P.2d 691 (Colo.1984).

■ Here, the two principal witnesses at trial were defendant and his companion on the night of the incident. Their testimony was in conflict and the case turned on which witness the jury chose to believe. When defense counsel objected to, and moved for a mistrial because of, the prosecutor's use of the word "lie" with reference to defendant's testimony, the court denied the motion but reminded the jury that statements of counsel are not evidence, and that it was to base its verdict on the evidence. It is presumed the jury understood

and heeded this instruction. *People v. Moody, supra.*

The court did not abuse its discretion in this ruling. As stated in *United States v. Spain*, 536 F.2d 170 (7th Cir.1976), *cert. denied*, 429 U.S. 833, 97 S.Ct. 96, 50 L.Ed.2d 97 (1976):

"Since irreconcilable conflicts in the evidence could not have been the result of honest mistake, each counsel was of course entitled to argue that witnesses called by him had spoken the truth and those called by the other side had testified falsely. There was no other way to argue the case effectively."

■ Also, viewed in context, the occasional use of the word "lies" was not egregious enough to result in manifest prejudice. *Cf. People v. Trujillo*, 624 P.2d 924 (Colo.App.1980). Therefore, we do not reverse the conviction.

Judgment affirmed.

SMITH and STERNBERG, JJ., concur.