MILDRED M. FINN, Appellee, vs. JACOB GLOS et al.
Appellants.

*Opinion filed June 24, 1915.*

1. REGISTRATION OF TITLE—*when court may order title to be registered subject to incumbrance.* The court may, in a proceeding under the act concerning land titles, order the registrar of titles to confirm and register a title subject to the possible claims against the estate of a former owner up to a certain date, with directions that such incumbrance be noted, and in what manner, upon the certificate of title to be issued by the registrar.

2. SAME—*when delay in filing application does not destroy efficacy of affidavit.* Where a statement made in the application to register title is sworn to on February 16 and the application is not filed until the 27th, such lapse of time is not sufficient to destroy the efficacy of the affidavit.

3. SAME—*when defendants to an application cannot complain of jurisdiction.* The defendants to an application to register title, if they have answered the application and the evidence is sufficient to show that the applicant's title was good against the world, can not complain of the decree because other defendants who were defaulted were not properly served with process or otherwise brought into court.

4. SAME—*when exceptions to examiner's report will be considered as having been raised in the lower court.* Where objections to the examiner's report are specific and are ordered to stand as exceptions in the circuit court they will be considered as having been raised in that court, even though it does not appear that counsel argued before the court the basis of such exceptions.

5. SAME—*when the order to register land title will be reversed with directions.* Where it is conceded that the order fixing the amount for which the owner of a tax deed should be reimbursed is erroneous, the judgment and order of the circuit court to register the title will be reversed with directions to make a proper computation of this amount.

6. PRACTICE—*when a party is bound by portion of the record brought up.* Under section 81 of the Practice act, requiring a party to give five days' notice before filing a *præcipe* for a record and requiring the opposite party to do the same if he desires to file a *præcipe* for an additional record, when a party fails to ask for any additional portion of the record he acquiesces in the judgment of his opponent that every part of the record necessary to properly present the questions raised on appeal has been certified

to the reviewing court, and he is bound by that record on the appeal, and the presumption that errors appearing upon that portion of the record presented are cured by other parts of the record not brought up for review does not apply.

APPEAL from the Circuit Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding.

JOHN R. O'CONNOR, for appellants.

CHARLES T. FARSON, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

Mildred M. Finn, the appellee, filed her application in the office of the clerk of the circuit court of Cook county on February 27, 1914, to register the fee simple title to lots 34, 35 and 36, in block 6, in Morton's subdivision of the east half of the northwest quarter of section 11, township 39, north, range 13, east of the third principal meridian. Jacob Glos, August A. Timke, trustee, who was the grantee in a trust deed made by Jacob Glos July 24, 1913, and the unknown owners of notes secured by that trust deed, were made parties defendant. Glos and Timke answered, denying that appellee was the owner of the premises or that their titles were invalid and alleging the invalidity of the act concerning land titles. The examiner to whom the application was referred, reported, finding that appellee was the owner of the premises and recommending that the title in fee simple be registered pursuant to the statute. Objections were filed to the examiner's report, which were subsequently ordered to stand as exceptions before the court. The report of the examiner was approved and confirmed and an order was entered in conformity with the examiner's report. Glos and Timke have perfected this appeal, and urge that the decree is erroneous because (1) appellee is not entitled to registration for the reason that it was disclosed that there were possible outstanding claims

against the estate of Genevieve E. Foxen, one of her grantors; (2) the abstracts of title offered were not made competent under section 18 of the act concerning land titles; (3) the court did not have jurisdiction of the parties; and (4) the amount allowed Jacob Glos as reimbursement upon setting aside his tax deed is insufficient.

It appears from the evidence that Genevieve E. Foxen, who was a resident of the State of Michigan and who died in that State on September 22, 1908, was the owner of an undivided interest in these lots prior to the time appellee acquired title. The seven years allowed under our statutes for the creditors of Genevieve E. Foxen residing in this State to have administration on her estate and to subject the real estate of which she died seized to the payment of their claims, would therefore not expire until September 22, 1915. The court found that the fee simple title was in appellee subject to the following charge or lien: "Possible claims against the estate of Genevieve E. Foxen until September 22, 1916;" and it was ordered "that the title in fee simple thereto of the said Mildred M. Finn be confirmed, subject as aforesaid." By sections 9 and 25 of the act concerning land titles it is provided that it shall be no objection to bringing land under that act that the estate or interest of the applicant is subject to any outstanding lesser estate, mortgage, lien or charge; that every such lesser estate, mortgage, lien or charge shall be noted upon the certificate of title, and the title or interest certified shall be subject only to such lesser estates, mortgages, liens and charges as are so noted, and that the court may, in any proceeding under the act, order the registrar of titles to register such title or interest, and in case the same is subject to any liens, incumbrance, trust or interest, with directions as to the manner and order in which the same shall appear upon the certificate of title to be issued by the registrar. Under these sections of the act the title of appellee was properly ordered to be confirmed and registered,

subject to the possible claims against the estate of Genevieve E. Foxen until September 22, 1916.

Appellants ask us to overrule the former decisions of this court in order to hold that the abstracts of title offered in evidence were not competent under section 18 of the act concerning land titles. The proof concerning the abstracts of title offered in nowise differs from that in other cases in which we have held the proof sufficient, and we see no reason for changing our views heretofore expressed on this question.

The application stated that among the persons claiming an interest in the premises were the unknown owners of notes secured by the trust deed from Jacob Glos to August A. Timke. This statement was sworn to February 16, 1914, and the application was not filed until February 27 following. It is insisted that because of this lapse of time between the making of the oath and the filing of the application the court did not acquire jurisdiction over these defendants. We are of the opinion that this lapse of time was not sufficient to destroy the efficacy of the affidavit. Even if that were not true, this is a matter of which the appellants here cannot complain. Appellants answered the application, and the evidence is sufficient to show that appellee's title was good against the world. In such a case a defendant who was served cannot complain of the decree because other defendants who were defaulted were not properly served with process or otherwise brought into court. *McDonnell* v. *Glos,* 266 Ill. 504.

Each of the three lots in question had been purchased by Jacob Glos at a tax sale and tax deeds had been issued to him. In making the computation of the amount for which Jacob Glos was entitled to be reimbursed, the examiner, no doubt through inadvertence, left out of his calculation one of the lots and computed the amounts expended by Jacob Glos as to two of the lots, only, and fixed the amount for which he was to be reimbursed upon that

268 – 23

basis. Objections 11 and 12 filed to the report of the examiner were, in substance, that the amount found by the examiner to have been expended by Glos was incorrect and insufficient and did not include all expenditures made. Appellee insists that this matter has been raised for the first time in this court, but such is not the case. The objections to the examiner's report were specific and were ordered to stand as exceptions in the circuit court. Whether, in arguing these exceptions before the trial court, counsel for appellants was specific in stating the basis of these exceptions we are not advised, but the exceptions were there and were overruled by the court.

Appellee frankly concedes that this is an error which would have been promptly corrected had it been specifically called to the attention of the examiner or the trial court. She seeks to avoid the effect of this error by contending that as under the *præcipe* of appellants a part, only, of the record has been brought up for review the decree of the circuit court will be supported by every reasonable intendment and presumption, and it will be presumed that errors appearing upon that portion of the record presented are cured by other parts of the record not brought up for review. The cases cited by appellee to support this contention are not in point here. By the amendment of section 81 of the Practice act, made in 1911, it is provided that when a party to any judgment in any cause of a civil nature shall desire to take an appeal, he shall serve upon the opposite party or his attorney five days' notice of the time when and the place where he will file his *præcipe* for a record, together with a copy of such *præcipe,* and shall file with the proper clerk a *præcipe* specifying such parts of the record, only, as shall be necessary to fairly present the errors which he shall assign. If the opposite party shall desire additional parts of the record certified upon which to assign cross-errors or to make more complete the record upon which the appellant or plaintiff in error will

assign errors, he shall file an additional *præcipe* with the proper clerk, specifying the additional parts of the record he desires certified. It is further provided that either party who shall cause unnecessary costs by having certified portions of the record not necessary to present the points to be reviewed shall have taxed against him the costs thus incurred. This section also provides that if it shall appear to the reviewing court that the record in any cause is incomplete or insufficient, the court shall order such additional parts of the record to be certified as it shall deem necessary. This section of the Practice act was designed to free parties of the unnecessary expense of taking up any portion of a record not necessary to a review of the points involved on appeal. By providing for the service of notice on the opposite party of the time when a *præcipe* will be filed for the portions of the record desired, together with a copy of the *præcipe,* the opposite party is clearly advised in apt time just what portions of the record his opponent intends to present to the reviewing court. He is then permitted to supply any portions of the record not called for by the *præcipe* and which he deems to be necessary in determining the questions involved on the appeal. By a failure to ask for any additional portions of the record he acquiesces in the judgment of his opponent that every part of the record necessary to properly present the questions raised on appeal has been certified to the reviewing court, and he is bound by that record on the appeal.

It being conceded that the order fixing the amount for which Jacob Glos should be reimbursed is erroneous, the judgment and order of the circuit court are reversed and the cause is remanded to that court, with directions to make a proper computation of this amount.

*Reversed and remanded, with directions.*