## Mattie T. Reichelt, Appellee, v. Louis Anderson, Appellant.

### Gen. No. 25,684.

1. PLEADING—*effect of failure to abide by demurrer.* Where a defendant does not elect to stand by his demurrer but proceeds to plead, he is not in a position to object to the overruling of the demurrer.

2. PLEADING—*when demurrer properly sustained to special plea alleging laches.* A demurrer was properly sustained to a special plea which alleged that plaintiff had been guilty of laches but which did not set up any facts showing or tending to show the alleged laches.

3. PLEADING—*when special plea alleging conclusions of law bad.* A special plea is bad which contains allegations of legal conclusions rather than of facts.

4. APPEAL AND ERROR—*how error must be presented.* Alleged errors must be specifically pointed out and reasons for the contention that the rulings in question were error must be presented and, if they are not, the court will not consider them.

5. EVIDENCE—*when conversation between plaintiff and third person admissible.* In an action against the purchaser of property which it is alleged was subject to an execution in favor of plaintiff, it was proper to permit a witness to testify to the substance of conversations he had with the seller where he testified further that practically all of those conversations were repeated by him, in substance, in later conversations he had with defendant.

6. PLEADING—*filing additional count after verdict but before entry of judgment.* It was not error to permit a plaintiff to file an additional count to her declaration after verdict and before entry of judgment.

7. EXECUTION—*when directed verdict for defendant charged with purchasing property subject to execution properly refused.* Where plaintiff, in an action against the purchaser of property subject to an execution, introduced evidence tending to show that defendant purchased the property with knowledge of the situation and for the purpose of defrauding plaintiff, the court properly denied defendant's motion for an instructed verdict.

8. LANDLORD AND TENANT—*when levy of execution on property subject to lien for rent improper.* Where a landlord had a valid statutory lien upon crops grown by the tenant for the rent and had distrained upon the hay and silo feed, which were in the hands

of a custodian under the distress proceedings, it was proper that the sheriff be directed not to make any levy on that property under an execution issued in favor of the landlord in a different suit.

9. INSTRUCTIONS—*refusal where previously given for other party*. It is not error to refuse defendant's request for certain instructions which are included in other instructions given for defendant.

Appeal from the Circuit Court of Cook county; the Hon. ANTON T. ZEMAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1919. Affirmed. Opinion filed October 5, 1921.

ARTHUR R. WOLFE, for appellant.

FRANK C. HILL, for appellee.

MR. JUSTICE THOMSON delivered the opinion of the court.

By this appeal the defendant seeks the reversal of a judgment in the sum of $699.28, recovered against him by the plaintiff after the issues had been submitted to a jury and a verdict had been returned in her favor and her damages assessed at the sum stated.

It appears that the plaintiff, Mrs. Reichelt, was the owner of a farm situated in Cook county, which was under lease to one Horton. In the latter part of 1916, Horton being in arrears on his rent, Mrs. Reichelt instituted two separate distress proceedings in which the court found that there was due her, as rent for the farm, $485.95 and the expenses of the proceedings were taxed at $147. In connection with these proceedings, Mrs. Reichelt distrained upon a quantity of hay and also a quantity of silo feed, under the provisions of section 31, ch. 80, of our Statutes (Cahill's Ill. St. ch. 80, ¶ 31).

It appears further that Mrs. Reichelt instituted another action against her tenant Horton, which went to a judgment in her favor, on which execution was duly issued on November 1, 1916. This judgment was for

$699.28. It is not clear from the record what this action involved. A demand was duly made on Horton under this execution on November 1, 1916, and again on November 24, 1916. Horton filed a debtor's schedule, including the hay and silo feed, and he selected as his exemptions all the property scheduled except the hay and silo feed, which were in the possession of a custodian by reason of the distress warrants which have been referred to. By direction of the attorney for Mrs. Reichelt the execution was not levied on the hay or silo feed and on January 2, 1917, it was returned by the sheriff, in no part satisfied.

. It further appears that Horton had about thirty head of cattle on the farm in question. On the 4th of November, Horton sold these cattle, with fifteen hogs and one colt, to the defendant Anderson for $1,190, and on the next day Anderson shipped some of the cattle to the stockyards in Chicago and within a few days thereafter he disposed of the balance to different purchasers. Upon discovering this situation, the plaintiff brought this action against the defendant Anderson, to recover the amount of the judgment she had recovered against Horton, claiming that the execution issued on that judgment had become a lien against the property purchased by the defendant from Horton and that the proceeds of the sale of that property by the defendant, being in the hands of the latter, he should be held liable to pay it.

The defendant demurred to the plaintiff's declaration and it was contended that the trial court erred in overruling the demurrer. The defendant is not in a position to object to such action of the trial court, inasmuch as he did not elect to stand by his demurrer but proceeded to plead. He filed the general issue and three special pleas. The court sustained the plaintiff's demurrer to the special pleas. The defendant elected to stand by the second and third special pleas and he

urges that the court erred in sustaining the demurrers to those pleas. In our opinion, both pleas were bad and subject to demurrers. Among other things, the second special plea alleged that the plaintiff had been guilty of laches in connection with the proceedings by which she sought to recover her judgment. But, the plea did not set up any facts showing or tending to show the alleged laches. The third special plea was bad in that it also included the allegation of legal conclusions rather than of facts.

The defendant's contention that the trial court erred in admitting in evidence the lease between the plaintiff and Horton is not tenable. In his brief, counsel for the defendant states that there were many questions asked of the plaintiff which were objectionable "and all these rulings are assigned as error, the court thereby admitting evidence which was improper and had no tendency to prove any issue in this case." It is an elementary rule of appellate practice that an appellant may not make a point by merely stating it, without presenting any arguments or reasons in support of it and this court will not search through the record for possible errors on which a judgment may be reversed. Such errors, if any there are, must be specifically pointed out and reasons for the contention that the rulings in question were error must be presented and, if they are not, this court will not consider them.

This applies also to some of the objections that are made to the testimony of the witness Henry R. Baldwin. As to the objection that sufficient foundation was not laid for permitting this witness to testify, as to the value of the cattle involved, it is sufficient to say that no such contention was made and no objection was urged to this effect by the defendant in the trial court and it cannot, therefore, be raised now. It was proper to permit this witness to testify to the substance of conversations he had with Horton, inasmuch as he

testified further that practically all of those conversations were repeated by him, in substance, in later conversations he had with this defendant, Anderson.

The defendant contends that the trial court erred in permitting the plaintiff to file an additional count to her declaration, after verdict but before judgment was entered. In our opinion, there was no error in that action on the part of the trial court. The defendant's contention that the trial court erred in denying his motion to instruct the jury to return a verdict in his favor, both at the close of the plaintiff's case and later at the close of the entire evidence, is also untenable. The plaintiff introduced evidence tending to show that the defendant purchased these cattle from Horton with knowledge of the situation and for the purpose of defrauding the plaintiff and depriving her of the benefits of her execution.

Under the statute the plaintiff had a valid lien on crops, which had been grown on the premises, for the rent which was in arrears and inasmuch as she had distrained upon the hay and silo feed and this was in the hands of a custodian under those distress proceedings, it was entirely proper that the sheriff be directed not to make any levy on that property under this execution.

Finally, the defendant complains of the ruling of the trial court in the matter of certain instructions. Those which were submitted by the defendant and refused covered propositions which were included in other instructions submitted by the defendant, which the court gave. The instructions given for the plaintiff stated the law correctly and, in our opinion, were therefore properly given.

We find no error in the record and therefore the judgment of the circuit court is affirmed.

*Affirmed.*

O'CONNOR, P. J., and TAYLOR, J., concur.