No. 17,026.

WEICKER TRANSFER AND STORAGE COMPANY *v.* DENVER, COLORADO SPRINGS, PUEBLO MOTORWAY, INC. ET AL.
(261 P. [2d] 1015)

Decided September 28, 1953.

Messrs. DENIOUS & DENIOUS, Mr. THOMAS J. ZAVISLAN, for plaintiff in error.

Mr. H. BERMAN, for defendants in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the court.

ON January 28, 1950 at about 5 o'clock A. M. on Highway 85-87 at a point about fifteen miles north of the town of Walsenburg, a public highway bus operated by defendant in error, hereinafter referred to as Bus Company, collided with the rear end of a tractor truck owned and operated by plaintiff in error, hereinafter referred to as Weicker, which latter vehicle had stopped on the highway. One Betty Lessar was a passenger in the bus of defendant in error. Claiming that she was injured as a result of this accident, she brought suit against the Bus Company and the driver thereof for the damages she claimed to have sustained; the Bus Company brought in Weicker as a third party defendant alleging that the accident was due to its negligence. Weicker by answer denied negligence on the part of the operator of its vehicle, set up contributory negligence on the part of the Bus Company, and that the accident was unavoidable. Weicker by cross complaint demanded $2,826.33 damages from the Bus Company for the damages to its truck and contents, alleging that the accident was the result of negligence on the part of the Bus Company.

Trial was to a jury and verdict was in favor of Weicker and against the Bus Company on Weicker's cross complaint in the sum of $120. Judgment having been entered on the verdict, Weicker brings the case here for review, asserting that the verdict under the evidence was grossly inadequate.

The verdict in favor of Betty Lessar against the Bus Company is not here for review. No cross specification of points has been filed by the Bus Company.

At the time of the accident a severe wind was blowing and visibility greatly reduced. Weicker claimed that its truck stopped to avoid hitting an automobile stopped on

the highway. A few seconds later the Bus Company's vehicle ran into the rear of the Weicker truck.

Wallace C. Stewart, a state highway patrolman, testified: "When the bus struck the truck it pushed it 410 feet, over the fence—into a barrow pit, and up a small knoll and over the fence." He further testified that the cab of the tractor was caved in; that the air lines were broken; that the whole back end of the trailer was pushed in, and that the frame of the trailer was buckled. Similar testimony was given by other witnesses.

The regional service manager of a well-known Trailer Company testified that the damage to the Weicker trailer was $1,250, and that it would have cost $1,362.21 to repair it, but that Weicker turned it in as salvage on a new trailer, and did not have the truck repaired. A. M. Burroughs, assistant to the President of Weicker, and admittedly qualified as a witness, testified that the repairs to the tractor cost $522.94. He also testified that the damaged trailer was not repaired, but sold for salvage, the net loss to Weicker being $1,250. In addition Weicker claimed certain items for towing charges and loss to cargo in the trailer.

In submitting the case to the jury the court without objection limited Weicker's recovery, if any, to $1,843.47, although by its cross complaint Weicker claimed $2,826.33.

█ It is apparent that the jury did not follow the court's instructions as to the measure of damages. Obviously, considering the nature and extent of the damage to the tractor and trailer as established by the undisputed testimony, Weicker could not be made reasonably whole by an award of only one hundred and twenty dollars. The amount awarded bears no relation to the facts as shown by the uncontroverted evidence in the record. The judgment is clearly inadequate, the evidence does not support it, and it should not be permitted to stand. *Hedgpeth v. Schoen,* 109 Colo. 341, 125 P. (2d) 632; *Lynch v. Kuhlmann Investment Company,* 93 Colo.

274, 25 P. (2d) 744; *Ferrari v. Brooks-Harrison Fuel Co.,* 53 Colo. 259, 125 Pac. 125; *Murrow v. Whiteley,* 125 Colo. 392, 244 P. (2d) 657; *King v. Avila,* 127 Colo. 538, 259 P. (2d) 268.

The issue under Weicker's cross complaint was fairly submitted to the jury under instructions which are not here challenged; by its verdict the jury determined the loss sustained by Weicker was due to the negligence of the Bus Company. In *Murrow v. Whiteley,* supra, we said: "After liability is once established, the question as to the sum to be awarded as damages is entirely separate, distinct and apart therefrom and not interwoven therewith. It definitely appears that the jury disregarded the court's instruction as to the measure of damages and returned a verdict inadequate under the evidence before it." We there remanded the case for retrial "on the question of damages only."

Under the record in the instant case we must enter a like order. The cause is remanded to the trial court with instructions to set aside the verdict in so far as it constitutes a determination of the amount of the damages to which Weicker is entitled, and grant a new trial on the question of damages only.