## No. 21668.

TOMMY FRANKLIN *v*. DALTON TEMPLTON AND
ANNE S. TEMPLETON.
(428 P.2d 361)

Decided June 5, 1967.     Rehearing denied June 26, 1967.

Irving L. Greenwald (now deceased), Joseph N. Lilly, Samuel D. Menin, for plaintiff in error.

Burnett, Watson & Horan, for defendants in error.

*In Department.*

Opinion by Mr. Justice Sutton.

This is an automobile accident case in which plaintiff in error, Tommy Franklin, was the plaintiff in the trial court. The evidence was that on September 17, 1962, in the town of Glendale, his automobile was struck from the side just behind the left front fender by an automobile driven by Anne S. Templeton, who is one of the defendants in error. Plaintiff was driving northerly on Colorado Boulevard at the time and Mrs. Templeton had started easterly after stopping at a stop sign on Virginia Avenue. She intended to cross Colorado Boulevard when the collision occurred. Franklin sought damages in the sum of $18,291.12 plus interest and costs. That sum included certain medical expenses, his alleged personal injuries and expenses for repair to his automobile. The jury returned a verdict in the amount of $88.40 which obviously was for damage to his car only.

For reversal Franklin urges four grounds of error, one of which concerns the trial court's refusal to direct a verdict and two of which concern instructions; however, since the jury found in favor of plaintiff as to Mrs. Templeton's negligence, there is no need to consider those allegations or other facts surrounding the accident. The fourth alleged error is determinative here. It is to the effect that the damages awarded were grossly inadequate because no award was made for personal injuries or medical expenses.

Plaintiff testified that the impact of Mrs. Templeton's automobile threw him from the driver's seat to the right side of his vehicle where he struck his head on the car top and his back on the inside of the right door. He stated that he felt a sensation in his lower back immediately after the collision and so informed both Mrs. Templeton (though she denied it) and the policeman who arrived a few minutes later (with the latter confirming it). Four days after the accident Franklin's pain was so severe that he consulted his family physician who prescribed certain heat treatments and medication which were administered. By February 17, 1963, the plaintiff was suffering to the point where he consulted an orthopedic specialist who performed a myelogram on him. At that time it appeared that the plaintiff suffered from a small ruptured disc between his fourth and fifth vertebrae. Although surgery was recommended, he did not have it performed for several reasons but especially because the doctor could not guarantee a complete recovery. Some time later plaintiff received traction treatment for his back in a hospital. His condition evidently became static with his back bothering him at his work as an accountant due to the sedentary nature of the position. It also pained him on other occasions. His evidence was that his former active physical existence was now restricted and his doctors' medical testimony was to the effect that he now has a permanent partial disability.

■ Franklin's claims for various medical and hospital expenditures were not disputed except for the contention that plaintiff suffered no injury from this accident and therefore such expenditures were not related to it. His claim for time lost from work of 211 hours was shown to have been mostly sick leave taken as well as possibly some vacation periods. It was shown that he continued working regularly after the collision and in fact had received substantial wage increases. The fact that he had to use part of his sick leave or vacation time as the result of the accident, however, cannot be used to the advantage of the defendants for such time lost is compensable as damages.

■ A reading of the entire record discloses that both of plaintiff's medical witnesses confirmed the initial history of injury and treatment as outlined above. The record also shows that the defense attempted, by its two equally well qualified medical experts, to demonstrate that the plaintiff was malingering. In addition, Mrs. Templeton's denial of Franklin's claim of some pain immediately following the accident is urged as showing that if in fact he had an injury it did not arise out of this collision. As to the latter point, suffice it to say that it is common knowledge that certain types of injuries, including back and neck injuries, can arise from accidents, which injuries may not immediately be apparent at the time of a collision. Thus, the conflict in the evidence on that issue is of no materiality here.

We have carefully analyzed the defendants' medical testimony. It is apparent that Dr. Freed did not believe that plaintiff had any permanent injury and he conceded that he did not believe he was malingering. He also stated that initially Franklin had both a sprain to his neck and lower back and that now he has a degenerated disc that could have arisen out of the accident. Dr. Freed further agreed that an accident victim can have a "functional overlay" which explains psychogenic pain on a mental basis. Dr. Newman stated that

he thought the plaintiff's reaction to his claimed pain was "psychogenic or some mental basis rather than a specific nerve involvement." His testimony also admitted that there was at least a sprain that arose out of the accident. The views of Dr. Freed and Dr. Newman were both to the effect that their examination of the plaintiff, which occurred some time after the accident, demonstrated several inconsistent reactions by the plaintiff and did not fit into an organic pattern. Dr. Newman, especially, emphasized that he believed the plaintiff had a hysterical reaction not related to the accident and indicated that Franklin tried to deceive him during his examination.

Assuming that Dr. Newman's reaction to the plaintiff was true *at the time of these later physical examinations,* there is no dispute in the record as to the following:

(a) That the plaintiff was in apparent good health prior to the collision;

(b) That the accident occurred and the defendants were found liable for it;

(c) That Franklin was thrown to the opposite side of his vehicle by the impact;

(d) That a few days after the collision he sought medical advice for the pain in his back and received treatment and medication for it over an extended period of time at considerable expense; and,

(e) That the myelograms (X-rays) show a ruptured disc pushing into the nerve channel of plaintiff's back. It should be noted, though, that the effect of the latter on the plaintiff is disputed by the defense doctors and that Dr. Newman's testimony on this point is not only ambiguous but is so conflicting that it demonstrates an apparent hostility to the plaintiff.

▮ Conceding that the plaintiff was not too cooperative with the defendants' doctors and overstressed his claimed physical limitations, and conceding that one of the defense doctors was attempting to justify a diagnosis even contrary to his own colleague on one point,

nevertheless, the plaintiff, in our view, did prove that he was at the very least entitled to some damages for his initial injuries, pain and medical examinations and lost time from work which clearly resulted from this collision. Thus, under this record we do not agree with the defendants that the jury was entitled to refuse to accept all of the plaintiff's evidence on pain, injury and monetary expense, although it obviously could and did reject other parts of plaintiff's case.

██ In Colorado, once the issue of liability has been decided, the amount of damages to be awarded becomes a matter separate and apart. *Weicker Transport and Storage Co. v. Denver, Colorado Springs, Pueblo Motorway, Inc.*, 128 Colo. 306, 261 P.2d 1015 (1953); *Whiteside v. Harvey*, 124 Colo. 561, 239 P.2d 989 (1951). And, this court can and will remand a case for retrial on the amount of damages when there is no further question of liability. *Ridenour v. Diffee*, 133 Colo. 467, 297 P.2d 280 (1956).

██ Here the jury either disregarded the instruction given it on damages or ignored the evidence of at least some injury and expense suffered by the plaintiff. The verdict is therefore clearly inadequate as not supported by the evidence and should not be permitted to stand. See *Callaham v. Slavsky*, 153 Colo. 291, 385 P.2d 674 (1963); *Staples v. Langley*, 148 Colo. 498, 366 P.2d 861 (1961); *Weiker, supra.*

The judgment is affirmed as to the liability of the defendants and as to the award for property damage but is reversed and remanded with directions to the trial court to hold a new trial on the issue of plaintiff's other damages.

It is so ordered.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE PRINGLE and MR. JUSTICE KELLEY concur.