VERA CHILDRESS, Exrx. of the Estate of Leo Westerhold, Deceased, Plaintiff-Appellant, *v.* ABBIE KUHNLINE, Exrx. of the Estate of Louise McCarty, Deceased, *et al.,* Defendants-Appellees.

(No. 69-171; ▮▮▮▮)

Fifth District—July 16, 1971.

Pratt, Mosele & Day, of East Alton, (Victor J. Mosele, of counsel,) for appellant.

John W. Hoefert, of Alton, for appellees.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Plaintiff, Vera Childress, Executrix of the Estate of Leo Westerhold, deceased, filed a law suit against Abbie Kuhnline, Executrix of the Estate of Louise McCarty, deceased, hereinafter referred to as Abbie Kuhnline, charging the deceased with wilful and wanton misconduct, and Charles W. Lowe, charging him with negligence, for damages as a result of an automobile accident wherein Leo Westerhold was injured and died two days after said accident as a result of his injuries. The suit was for the recovery of the hospital, doctor, and funeral expenses and pecuniary loss resulting from the wrongful death of Leo Westerhold. It was stipulated before and during the trial that the deceased's hospital, doctor and funeral expenses amounted to $1,542.25. The jury found in favor of plaintiff and against defendant Abbie Kuhnline in the amount of $1,500.00. The other defendant, Charles W. Lowe, was found not guilty. Plaintiff's post trial motion for a new trial as to damages only against Abbie Kuhnline was denied by the trial judge.

This suit arose as the result of an automobile accident which occurred on November 12, 1967, on U.S. Highway 66 at its intersection with an oiled road located approximately one and one-half miles north of Farmersville, Montgomery County, Illinois. Deceased Leo Westerhold was riding as a guest in an automobile being driven in a westerly direction by Louise McCarty, deceased, on the oil road. U.S. Highway 66 is a four lane divided highway and is protected by a stop sign at this intersection. An eyewitness testified the McCarty vehicle stopped at the stop sign and then pulled out into the north-bound lane of U.S. Highway No. 66 when it was struck by a northbound Buick automobile being driven within the speed limit by defendant Charles W. Lowe, who applied his brakes and attempted to swerve just prior to the accident.

The co-defendant Charles Lowe testified that he was driving his 1959 Buick automobile north on Highway 66 at a speed of approximately 60 miles per hour on the day in question and was about 60 to 70 feet from the intersection when he saw the Falcon automobile about 15 or 20 feet from the stop sign and traveling in a western direction at a high rate of speed. The Falcon automobile failed to make the stop and Lowe jammed on his brakes, turned to the left and hit the McCarty vehicle. The collision occurred in the right hand lane of the north-bound traffic lane of U.S. Highway 66.

Plaintiff contends that since the damages awarded by the jury were less than the amount of the stipulated expenses, he is entitled to a new

trial on damages only against the deceased Louise McCarty, since the liability against her was amply supported by the evidence.

In *Paul Harris Furniture Co. v. Morse*, 10 Ill.2d 28, our Supreme Court held that either a trial or an appellate court may set aside an inadequate verdict and order a new trial solely on the issue of damages where the damage issue is so separate and distinct from the issue of liability that a trial of it alone may be had without injustice.

However, under the great weight of authority, the decision of the trial court as to whether to limit a new trial to the issue of damages only because of the inadequacy of the verdict awarded rests in the discretion of the trial court and is reversible only for an abuse of discretion. 29 A.L.R.2d p. 1213.

In the case at bar, a guest-passenger situation prevailed and it was incumbent upon plaintiff to show that defendant's decedent, McCarty, was guilty of wilful and wanton misconduct as opposed to simple negligence. This issue was sharply contested in the evidence. It was shown at the trial that as Louise McCarty approached U.S. Highway 66 she was traveling in a due westerly direction and the sun, which was setting, could have been in her eyes. An independent witness testified that she stopped at the stop sign before proceeding out onto U.S. Highway 66 where the accident occurred.

The trial court could have properly concluded that the jury could not agree that under these circumstances that Louise McCarty was guilty of wilful and wanton misconduct and that the damages awarded by the jury were a result of a compromise on the question of liability. If the trial court so believed, it would have been improper for it to order a new trial solely on the issue of damages. *Paul Harris Furniture Co. v. Morse, supra.*

We are unable to say that under the facts of this case the trial court abused its discretion in refusing to grant plaintiff's post trial motion for a new trial solely on the issue of damages against Abbie Kuhnline, Executrix of the Estate of Louise McCarty, deceased. The judgment of the trial court is therefore affirmed.

Judgment affirmed.

EBERSPACHER and JONES, JJ., concur.