MILDRED H. TIPSWORD *et al.*, Plaintiffs-Appellants, *v.* DOYLE JOHNSON, Defendant-Appellee.

Fourth District   No. 14647

Opinion filed May 12, 1978.—Rehearing denied June 9, 1978.

J. Leeds Bower and William J. Warmoth, both of Brainard, Bower & Kramer, of Charleston, for appellants.

Harlan Heller, of Harlan Heller, Ltd., of Mattoon, for appellee.

Mr. JUSTICE REARDON delivered the opinion of the court:

The plaintiffs, Sherry Tipsword and her mother Mildred Tipsword, appeal a jury verdict which found the defendant, Doyle Johnson, negligent but awarded plaintiffs no damages for medical expenses and alleged injuries arising from an automobile collision.

The collision occurred on March 20, 1973. The defendant's automobile struck the rear of plaintiffs' vehicle which was stopped to allow an oncoming car to pass before making a left turn into the driveway of a hospital. The impact pushed plaintiffs' vehicle off the pavement and caused $1,300 in damage to defendant's vehicle. After impact, both plaintiffs testified that they were trembling and experienced pain. After talking with police, plaintiffs drove their car across the street to the hospital emergency room where they were both examined by a physician. The physician testified that neither plaintiff exhibited any visible abrasions or contusions and that X rays revealed no fractures. He did conclude, however, that both plaintiffs had suffered inertia strain of the neck. Neither plaintiff required hospitalization. Both plaintiffs testified that the doctor prescribed medication at the conclusion of the examination.

Sherry Tipsword testified that since the day of the collision, she has experienced continual pain in her neck, shoulders, and arms, requiring past and future medical treatment and medication at great expense. Mildred Tipsword testified that since the day of the collision she has incurred and will continue to incur substantial medical expenses for treatment and medication as the result of defendant's negligence. On April 5, 1975, she was involved in another rear-end collision and has made no claim against the defendant for medical expenses incurred after her second accident. The defendant introduced evidence aimed at discrediting the existence and extent of the injuries and expenses incurred by the plaintiffs.

The plaintiffs filed a post-trial motion alleging that the jury verdict finding the defendant negligent but awarding plaintiffs no damages was inadequate and contrary to law. The trial court denied the motion, ruling that there was credible evidence from which the jury could have concluded that plaintiffs' injuries were exaggerated or feigned or, in the case of Mildred Tipsword, could have resulted from a subsequent motor vehicle accident.

On appeal, plaintiffs contend that even if the jury considered the injuries exaggerated and over-treated, it could not conclude that there was no damage sustained as a result of the impact and that plaintiffs must at least be compensated for medical expenses incurred on the day of the accident. Defendant argues that even though the plaintiffs were treated immediately at the emergency room, it was within the province of the jury to determine that the injuries claimed at that time were proven phony during the course of the trial and that plaintiffs were thus entitled to no damages.

■■■ Courts have traditionally been reluctant to interfere with the determination of the jury in awarding damages as long as the award is within the range of the evidence, the instructions proper, and there is no improper exclusion of evidence. (*Brown v. St. John's Hospital* (1977), 51 Ill. App. 3d 1044, 367 N.E.2d 155.) Additionally, if there appears to be evidence suggesting a genuine conflict as to the legitimacy of the expenses incurred, then the verdict of the jury should not be disturbed on review. (*Haleem v. Onate* (1966), 71 Ill. App. 2d 457, 219 N.E.2d 94.) Nevertheless, a court will intercede in the jury's assessment of damages where the award is palpably inadequate, or it is clear that proof of an element of damages has been ignored, or it is shown to be erroneous or the result of passion or prejudice, or where it clearly appears from the uncontradicted evidence that the amount of the verdict bears no reasonable relationship to the loss suffered by the plaintiff. *First National Bank v. Szwankowski* (1969), 109 Ill. App. 2d 268, 248 N.E.2d 517.

Plaintiffs rely on *Franklin v. Templeton* (1967), 163 Col. 48, 428 P.2d 361, in urging recovery, at least, for their initial expenses. In that case,

plaintiff's vehicle was struck by defendant's vehicle. The impact was substantial and four days after the collision, the plaintiff sought medical advice for back pain. He received treatment and medication for the pain over an extended period of time at considerable expense. Later X rays showed a ruptured disc. The jury found the defendant negligent but awarded the plaintiff only an amount for damage to his car. The Supreme Court of Colorado reversed and remanded for a new trial on the issue of damages stating:

> "[T]he plaintiff, in our view, did prove that he was at the very least entitled to some damages for his initial injuries, pain and medical examinations and lost time from work which clearly resulted from this collision. Thus, under this record we do not agree with the defendants that the jury was entitled to refuse to accept all of the plaintiff's evidence on pain, injury and monetary expense, although it obviously could and did reject other parts of plaintiff's case.") 163 Col. 48, 53, 428 P.2d 361, 364.

In the instant case, there was, undeniably, an impact of substantial force. According to their testimony, both plaintiffs experienced pain after impact. Plaintiffs not unreasonably sought immediate medical assistance following the collision. Clearly, an impact between automobiles of the force sustained here would justify a prudent person involved in such an accident to seek medical advice. Each plaintiff, as a result of seeking medical advice, incurred expenses for a physical examination, X rays, and a prescription for medication. While the jury may have been justified in finding that the plaintiffs' later claims were exaggerated or overtreated, it would be against the manifest weight of the evidence to determine that there was time to plan a scheme to feign injuries when plaintiffs sought initial medical assistance. There is no doubt that plaintiffs suffered some degree of pain, injury, and discomfort as a result of defendant's negligent conduct. The examining physician at the hospital emergency room on the day of the collision concluded that both plaintiffs had suffered inertia strain of the neck. Even a physician called on behalf of defendant testified that his examination of Sherry Tipsword some 16 months after the accident revealed an objective finding of tenderness of the right shoulder and neck area. Given the facts of this case, it would be anomalous to affirm the result reached here by the jury. The jury's award of no damages was erroneous. We conclude that the plaintiffs are entitled at least to some damages.

Accordingly, judgment is affirmed as to the liability of the defendant, but is reversed and remanded with directions to the trial court to hold a new trial on the issue of plaintiffs' damages.

Affirmed in part, reversed in part, and remanded with directions.

GREEN, P. J., and CRAVEN, J., concur.