HERBERT J. NICHOLL *et al.*, Plaintiffs, *v.* ROBIN ROMERO SCALETTA, Defendant-Appellant.—(MARY NICHOLL, Plaintiff-Appellee.)

First District (5th Division)    No. 81-720

Opinion filed February 26, 1982.—Rehearing denied April 2, 1982.

Glen E. Amundsen and Victor J. Piekarski, both of Querrey, Harrow, Gulanick & Kennedy, Ltd., of Chicago, for appellant.

Geoffrey G. Johnson, of Harvey L. Walner & Associates, Ltd., of Chicago, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiffs filed an action against defendant to recover damages for personal injuries sustained when their car was rear-ended by defendant's car. The court entered a directed verdict against defendant on the issue of liability. The jury awarded zero damages to Herbert Nicholl and $500 to Mary Nicholl, an amount less than her claimed medical expenses and loss of wages. The trial court granted a new trial on the issue of damages with respect to Mary Nicholl only, and we granted leave for defendant to file an interlocutory appeal from this order pursuant to Supreme Court Rule 306 (Ill. Rev. Stat. 1979, ch. 110A, par. 306).

The issues presented on appeal are: (1) whether the trial court abused its discretion by granting a new trial on the issue of damages, (2) whether the trial court prejudicially erred in its instruction to the jury, and (3) whether defendant presented this court with a proper record for review.

The pertinent facts are:

On March 29, 1974, defendant's automobile struck the rear of plaintiffs' car, which was stopped to make a turn on Lincoln Avenue in Lincolnwood, Illinois. Defendant was travelling from 15 to 20 m.p.h. at the

time of the collision. Plaintiffs' car was pushed forward one or two feet, but there was no damage to the exterior of their car. When asked by the police if there were any injuries, both plaintiffs responded that they were "all right," and they did not seek emergency room treatment.

Neither plaintiff sought medical attention until three or four days after the accident when they visited Dr. Marshall Kanter. Although Dr. Kanter noted the same findings upon examination of both, he considered it necessary to hospitalize Mary Nicholl only. Her subjective complaints included stiffness, plus pain in the pelvic area and in her lower stomach.

The following day she was admitted to Martha Washington Hospital for a 10-day stay. Dr. Kanter testified that he diagnosed some limitation of movement in her neck but none in her lower back. During this hospitalization she received physical therapy and was examined by an orthopedic surgeon, Dr. Leonard Smith, who found limitation of movement in her lower back. Dr. Kanter conceded that, other than traction, the treatment she received in the hospital could have been given in his office.

Mary Nicholl testified that she saw Dr. Kanter for a minimum of 30 visits from her hospital discharge in April until the following August. Dr. Kanter, however, testified that he only treated her on 11 visits in 1974.

In July 1974, Mary Nicholl went to see Dr. Smith. He gave her injections and sent her to Chicago Physical Therapy Center to receive physical therapy treatments three times a week for two months. Dr. Smith admitted on cross-examination that he is a stockholder of the Chicago Physical Therapy Center, which shares an office suite with his own office.

In April 1975 she returned to see Dr. Smith because of a return of stiffness in her neck and shoulders. He recommended that the same physical therapy treatments be given. She received 20 treatments in 1975 from Dr. Virginia Breszahan, a chiropractor at the Center, over a six-week period. However, Dr. Breszahan testified that she only gave plaintiff seven physical therapy treatments in 1975.

The combined hospital and doctor bills totalled $2,269.25. Dr. Kanter sent the bill for his services to Mary Nicholl's attorney instead of sending it to his patient. Although the bill was sent in 1974 and was not paid, a follow-up bill was not sent to Mary Nicholl until five years later, in May of 1980. Similarly, Dr. Breszahan sent her bill to the plaintiffs in June 1975, and although they never paid, a follow-up bill had not been sent as of the time of trial in September 1980.

In addition to medical expenses, Mary Nicholl claimed loss of wages of $25 per week plus tips for six weeks work as a waitress. However, her income tax return for 1974, the year of the accident, reported that she earned no income that year.

Following the presentation of the evidence, the trial court directed a verdict against defendant on the issue of liability. During closing argu-

ment, plaintiffs' counsel contended that Mary Nicholl suffered damages totalling $2,269.25 and that she deserved a verdict of between $17,500 and $19,000.

The jury was instructed, pursuant to defendant's instruction No. 9, as follows:

> "You need only decide what injuries to plaintiff, Mary Nicholl, resulted from this occurrence and what amount of money will reasonably and fairly compensate the plaintiff for those injuries."

Plaintiffs' counsel specifically objected to this instruction during the instruction conference and in the post-trial motion.

The jury returned a verdict of $500 in favor of plaintiff Mary Nicholl and nothing for her husband. They filed a post-trial motion seeking a new trial specifically urging that, as to Mary Nicholl, the verdict and judgment were (1) contrary to the law, (2) contrary to the evidence, and (3) contrary to the manifest weight of the evidence. Plaintiffs also argued that giving defendant's instruction No. 9 was reversible error which required a new trial.

Without explaining the basis for its ruling, the court granted a new trial on the issue of damages as to Mary Nicholl only, and defendant appeals from that order.

Opinion

At the threshold, we consider Mary Nicholl's argument that we are precluded from reviewing the order granting a new trial because the record on appeal is incomplete. Plaintiff accurately points out that the record does not contain the original jury instructions tendered by both parties. Since the trial court granted a new trial without comment, Mary Nicholl argues that the allegedly improper instruction may have been the basis for its decision. Therefore, she contends that this court cannot determine whether it was error to give this instruction or whether the trial court corrected the alleged error by granting a new trial.

It is well settled that before an issue on instructions will be considered by the reviewing court, the instructions must be presented to the reviewing court. *Denniston v. Skelly Oil Co.* (1977), 47 Ill. App. 3d 1054, 362 N.E.2d 712.

■■ In the present case, however, the jury instructions given were fully reported in the transcript of the trial court proceedings. Although we agree that the original jury instructions should have been included in the record on appeal, we find that the instructions are sufficiently set forth in the trial transcript. Pursuant to Supreme Court Rule 306 (Ill. Rev. Stat. 1979, ch. 110A, par. 306), the record on appeal in the present case properly consists of what is necessary to present the questions for review.

Furthermore, we note that it is Mary Nicholl, plaintiff-appellee, and

not the defendant-appellant who first raises the issue of allegedly improper instruction on the one hand, and on the other argues that the instruction is not in the record for us to review.

■■ Mary Nicholl's argument is not convincing in light of the fact that any other party may file a supplemental record within 21 days of the petition for leave to appeal. (Ill. Rev. Stat. 1979, ch. 110A, par. 306.) Where the appellee fails to ask for additional portions of the record, he acquiesces in the appellant's opinion that every part of the record essential to properly present the questions raised on appeal has been certified to the reviewing court. *Finn v. Glos* (1915), 268 Ill. 350, 109 N.E. 351.

We next consider whether the trial court prejudicially erred by giving defendant's instruction No. 9, which is a modification of the Illinois Pattern Jury Instructions, Civil, No. 23.01 (2d ed. 1971) (hereinafter referred to as IPI Civil No. 23.01) on admitted liability.

The instruction reads as follows:

"You need only decide *what injuries to plaintiff, Mary Nicholl, resulted from this occurrence* and what amount of money will reasonably and fairly compensate the plaintiff for those injuries." (Emphasis added.)

The "Notes on Use" which follow IPI Civil No. 23.01 recommend that the phrase "what injuries to plaintiff resulted from this occurrence" be used only if an issue exists as to whether some or all of the damages were caused by the occurrence.

Since defendant's liability was directed by the court, plaintiff argues that the included phrase allowed the jury to improperly consider whether or not all of her injuries resulted from the March 1974 accident or from another accident somewhere else. Defendant, however, contends that this instruction goes to the legitimacy of plaintiff's injuries, and whether her medical expenses were necessarily incurred as a result of the accident.

It is well settled that an instruction which states the law with substantial accuracy will not be regarded as erroneous merely because of inadvertent inaccuracies and omissions which are not prejudicial (35 Ill. L. & Prac. *Trial* §272 (1958)), and a reviewing court will not reverse the trial court for faulty instruction unless it clearly misled the jury. *Sherman v. City of Springfield* (1969), 111 Ill. App. 2d 391, 250 N.E.2d 537.

The proper approach in considering the propriety of an instruction is whether the instructions when considered as a whole were sufficiently clear so that the jury was not misled, and not whether the instruction is mechanically correct so as not to be subject to some technical objection. (*Hulke v. International Manufacturing Co.* (1957), 14 Ill. App. 2d 5, 142 N.E.2d 717.) Furthermore, all that is required in order to justify giving an instruction is that there is some evidence in the record which supports the theory set out in the instruction. *Khatib v. McDonald* (1980), 87 Ill. App. 3d 1087, 410 N.E.2d 266.

In the present case, the testimony of plaintiff's own witnesses, relating to the legitimacy of plaintiff's injuries, was conflicting and contradictory. No evidence of any other accident was presented at trial which might have confused the jurors.

■■ The test of the propriety of instructions is not what meaning the ingenuity of counsel can attribute to them, but how ordinary men acting as jurors will understand the instructions under the evidence before them. (*Newton v. Meissner* (1979), 76 Ill. App. 3d 479, 394 N.E.2d 1241.) In the present case there was absolutely no evidence of any other accident or occurrence which could have been the cause of plaintiff's injuries. Thus, there is no reasonable likelihood that the jurors would speculate that her alleged injuries were caused by anything other than the accident with defendant. Under these circumstances, we conclude that it was not prejudicial error to give the entire IPI Civil No. 23.01.

Next, plaintiff points out that defendant did not respond at trial to plaintiff's argument that IPI Civil No. 23.01 constituted prejudicial error. On appeal, plaintiff contends that defendant is now estopped from arguing to the contrary, and that defendant's lack of response is an admission of prejudicial error. Plaintiff does not cite to any authority in support of her position.

■■ It is an elementary rule of appellate practice that an appellant may not make a point merely by stating it without presenting arguments in support of it. (*Reichelt v. Anderson* (1921), 222 Ill. App. 176.) This court will not research and argue a case for an appellant. (*Consultants & Administrators, Inc. v. Department of Insurance* (1982), 103 Ill. App. 3d 920.) Because no citation to authority has been presented in support of plaintiff's statement, we will therefore not consider it here.

We now consider whether the trial court abused its discretion in granting a new trial on the issue of damages only.

It is well established that a motion for a new trial is granted in the sound discretion of the trial court (*Di Maso v. Wieboldt Stores, Inc.* (1976), 37 Ill. App. 3d 966, 347 N.E.2d 466) and should not be disturbed unless a clear abuse of that discretion is shown (*Bentley v. City of Chicago* (1979), 79 Ill. App. 3d 1028, 398 N.E.2d 912) which must affirmatively appear in the record. *Skiba v. Ruby* (1969), 113 Ill. App. 2d 170, 251 N.E.2d 771.

Since, as a general rule, a new trial will not be granted on the ground that the damages in personal injury actions are too small (*Childress v. Kuhnline* (1971), 133 Ill. App. 2d 890, 272 N.E.2d 427), appellate review of the granting of a new trial limited to the issue of damages is essentially a review of the trial court's exercise of discretion. (*Robbins v. Professional Construction Co.* (1977), 45 Ill. App. 3d 524, 359 N.E.2d 1121, *aff'd* (1978), 72 Ill. 2d 215, 380 N.E.2d 786.) An abuse of discretion will be found where there is no reasonable basis in the evidence to support the granting of a

motion for a new trial by the trial court. *Potter v. Rodrick* (1979), 77 Ill. App. 3d 7, 395 N.E.2d 746.

We recognize that courts are traditionally reluctant to interfere with a jury's determination of damages. (*Terracina v. Castelli* (1979), 80 Ill. App. 3d 475, 400 N.E.2d 27.) Generally, a jury's finding of damages will not be overturned unless its award is palpably inadequate or against the manifest weight of the evidence (*Palmer v. Avco Distributing Corp.* (1979), 75 Ill. App. 3d 598, 394 N.E.2d 480, *aff'd in part, rev'd in part* (1980), 82 Ill. 2d 211, 412 N.E.2d 959) or unless it is clear that the jury disregarded a proven element of damages (*Hehir v. Bowers* (1980), 85 Ill. App. 3d 625, 407 N.E.2d 149).

Therefore, in order to determine whether a jury verdict on the amount of damages is inadequate for any of the foregoing reasons, we must consider the record as a whole. *Ford v. Baker* (1978), 61 Ill. App. 3d 45, 377 N.E.2d 853.

The variables which enter into a review of the entire record have been outlined in the case of *Haleem v. Onate* (1966), 71 Ill. App. 2d 457, 219 N.E.2d 94. There, the court stated that a mathematical computation of the bills received and of an alleged loss of earnings does not automatically constitute a minimum level of recovery which is binding upon either the jury or a court of review. The *Haleem* case also indicated that there may be evidence which carries an implication that the injuries were exaggerated or even feigned, or that medical treatment was unnecessary or prolonged.

All of these and like factors must be weighed by a reviewing court, and if there appears to be evidence suggesting a genuine conflict as to the legitimacy of the expenses incurred, then the verdict of the jury should not be disturbed on review. *Potter v. Rodrick* (1979), 77 Ill. App. 3d 7, 395 N.E.2d 746.

The *Haleem* principle was recently affirmed in the case of *Khatib v. McDonald* (1980), 87 Ill. App. 3d 1087, 410 N.E.2d 266. There, we held that a damage award arising out of a vehicular accident cannot be set aside solely because it is less than out-of-pocket expenses where a genuine conflict exists concerning the extent of the plaintiff's injuries, his ability to work and the legitimacy of the expenses.

With these principles in mind we have, accordingly, reviewed all the evidence produced at trial. In the present case, there was substantial evidence indicating that medical treatment received was unwarranted or prolonged. Mary Nicholl's testimony relating to the number of treatments she received contradicted her doctors' testimony. Her claim of lost wages was not supported by her income tax return for the year of the accident, a return which shows that she earned no income in 1974. One of her doctors was a stockholder in the physical therapy center, and he stood to personally profit from the duration of her stay therein.

In addition, her doctor sent her medical bill to her attorney instead of to her, seemingly in anticipation of favorable litigation. Two of her doctors had not sent follow-up bills as of the time of trial, nearly five years later.

Here, the record reveals that the jury had ample reason to question the nature and extent of the alleged injury to Mary Nicholl as well as the legitimacy of her expenses. If there is no question that the claimed out-of-pocket medical expenses are legitimate and reasonable, a verdict for less than that amount may be set aside by the trial court. (*Khatib v. McDonald* (1980), 87 Ill. App. 3d 1087, 410 N.E.2d 266.) However, where the evidence suggests a genuine conflict as to the legitimacy of medical expenses incurred, then the verdict of the jury should not be disturbed on review. *Tipsword v. Johnson* (1978), 59 Ill. App. 3d 834, 376 N.E.2d 85.

■■ In the present case, we do not find that the award was palpably inadequate or against the manifest weight of the evidence, or that the jury disregarded a proven element of damages. On the contrary, we find that there was no reasonable basis in the evidence to support the granting of a new trial on the issue of damages only. Therefore, we hold that the trial court abused its discretion.

■■ Finally, plaintiff contends that defendant did not offer any evidence of her own which would contradict the doctors who testified for plaintiff. Plaintiff's argument is not persuasive because the plaintiff still had the burden of proving causation, and the nature and extent of her alleged injuries, even though liability was established as a matter of law. *Jeffrey v. Chicago Transit Authority* (1962), 37 Ill. App. 2d 327, 185 N.E.2d 384.

■■ A defendant may cross-examine the witnesses put on by plaintiff to demonstrate that the expenses claimed by the plaintiff are excessive. As we stated in *Robin v. Miller* (1978), 67 Ill. App. 3d 656, 384 N.E.2d 889:

> "The mere fact that the verdict is less than the claimed special damages does not necessarily mean that the award is inadequate even where the defendant has offered no contradictory evidence; the jury is free to determine the credibility of the witnesses and to assess the weight to be accorded their testimony." *Robin v. Miller* (1978), 67 Ill. App. 3d 656, 661.

We conclude, therefore, that the judgment of the trial court in granting a new trial was improper. For the reasons stated, the judgment of the circuit court of Cook County is reversed.

Reversed.

SULLIVAN, P. J., and MEJDA, J., concur.