FREDA MORESCKI, Plaintiff-Appellant, v. RANDALL H. LEUSCHKE, Defendant-Appellee.

Fourth District No. 4—91—0104

Opinion filed August 16, 1991.

David L. Requa, of Requa & Alexander, of Springfield, for appellant.

David L. Drake and Stacey L. Cellini, both of Drake, Narup & Mead, P.C., of Springfield, for appellee.

PRESIDING JUSTICE LUND delivered the opinion of the court:

Plaintiff Freda Morescki appeals from the denial of a motion for new trial following a jury verdict in the circuit court of Sangamon County awarding damages, but not granting damages for disability, from defendant Randall Leuschke.

Plaintiff was a passenger in an automobile driven by her husband when their vehicle was rear-ended by a vehicle driven by defendant. The damage to the Morescki vehicle was slight. Plaintiff's injuries included a neck sprain and the onset of problems with "floaters" in her eyes. The problem with the sprain was short-lived, but required medical attention. The eye problem may be permanent and will at least require annual examination by an ophthalmologist.

Liability was admitted, and the jury returned a verdict that provided:

| "Disability | $ | -0- |
| --- | --- | --- |
| Pain and suffering experienced | $ | 300.00 |
| Reasonable expense of necessary medical care, treatment and services received | $ | 277.00 |
| Pain and suffering reasonably certain to be experienced in the future | $ | 1,200.00 |
| Present cash value of reasonable expenses of the reasonable expenses of medical care, treatment and services reasonably certain to be received in the future | $ | 1,200.00" |

The only issue before this court is whether the evidence requires a finding that the eye problem is a disability. If so, then the case must be reversed and remanded for a new trial on damages.

There was undisputed testimony that immediately following the accident plaintiff noticed floaters in both her eyes. This is sometimes described as little black spots floating in front of each eye. The treating ophthalmologist testified there is no treatment for floaters. According to the doctor, most people by the time they are about 50 years of age will have what is called a vitreous separation which is caused by shrinkage. The space resulting from the shrinkage is filled with a clear liquid, and little pieces of tissue and little clumps and strands of cells float free. When they line up with the visual access, a temporary blurring can occur. The plaintiff has blurring at times. She has been able, however, to continue her employment as a secretary and uses word-processing computers with computer screens. At the time of trial, plaintiff was employed with the supreme court research staff. She is able to drive a vehicle and continues with her regular activities and hobbies. There has been interference with her reading

habits and, at times, she is required to adjust her head when using the computer screen. When the floaters interfere, movement will vary the location, alleviating problems. The floaters are basically aggravating, but she has adjusted to them. According to the medical testimony, floaters can go away and people can adjust to them.

One measure of damages in a personal injury action is disability resulting from the injury. (See Illinois Pattern Jury Instructions, Civil, No. 30.04 (2d ed. 1971).) As shown by the verdict, the disability provision was marked with a zero. The plaintiff's post-trial motion argued this resulted in reversible error and, as argued here, requests a new trial on damages only.

A motion for a new trial is granted in the sound discretion of the trial court, and that court's decision should not be disturbed absent an abuse of discretion. (*Montgomery v. City of Chicago* (1985), 134 Ill. App. 3d 499, 502, 481 N.E.2d 50, 53; *Nicholl v. Scaletta* (1982), 104 Ill. App. 3d 642, 647, 432 N.E.2d 1267, 1272.) The question of damages, however, is peculiarly one of fact for the jury. (*Flynn v. Vancil* (1968), 41 Ill. 2d 236, 240, 242 N.E.2d 237, 240.) Generally, the amount of damages awarded by the jury will not be overturned unless it is palpably inadequate or against the manifest weight of the evidence (*Montgomery*, 134 Ill. App. 3d at 502, 481 N.E.2d at 53), or unless it is clear the jury disregarded a proved element of damages (*Khatib v. McDonald* (1980), 87 Ill. App. 3d 1087, 1093, 410 N.E.2d 266, 272). The courts recognize that credibility of witnesses is one of the factors to be considered by the jury and that credibility determination can have a radical effect on a damages determination. *Montgomery*, 134 Ill. App. 3d at 502, 481 N.E.2d at 53; *Beckmeyer v. Alcala* (1985), 135 Ill. App. 3d 166, 172, 481 N.E.2d 893, 898.

In the present case, we do not have the credibility issues indicated in both *Montgomery* and *Beckmeyer*. There is no reason to believe the floaters were present prior to the accident. The floaters caused concern, but plaintiff did not attempt to overplay the injury. She continued to work and adjusted her head when floaters caused sight impairment. She testified to how she adjusts to the problem, carrying on her regular activities. A reduction in her evening reading appears to be the major loss, and even this was not overly emphasized. We must decide whether the floater evidence established, as a matter of law, a "disability."

The American Heritage Dictionary defines "disability" as "1. A disabled condition; incapacity. 2. Something that disables; handicap. 3. A legal incapacity or disqualification." (American Heritage Diction-

ary 401 (2d College ed. 1985).) Much of the Black's Law Dictionary definition of "disability" relates to civil disabilities, but does state:

"A *physical* [(emphasis in original)] disability is a disability or incapacity caused by physical defect or infirmity, or bodily imperfection, *** [a]bsence of competent physical, intellectual, or moral powers; impairment of earning capacity; loss of physical function that reduces efficiency; inability to work." Black's Law Dictionary 548 (4th ed. 1968).

A partial loss of eyesight which reduced the typing speed of a secretary by 25% would be a disability. Total blindness would be total disability. A temporary eye impairment could be a temporary disability. We conclude that any impairment of eye function which interferes with a plaintiff's everyday functions would be a disability in some way and, if sufficiently significant, would require a damages award.

Remembering that a jury verdict will not be overturned unless the verdict is palpably inadequate or against the manifest weight of the evidence (*Montgomery*, 134 Ill. App. 3d at 502, 481 N.E.2d at 53), we now turn to the specific testimony of plaintiff regarding her impairment caused by the floaters. On direct examination, plaintiff stated she has not read as much since the accident. However, when she was asked, "Why do you do it [read in the evening] so little now as compared to before," she answered, "Well, usually I'm just too tired to read."

During cross-examination regarding the floaters, the following took place:

"[Defendant's attorney:] I think you said when you talked to me earlier that these floaters were basically aggravating but you adjusted to them.

[Plaintiff:] That's correct."

We conclude the jury could have decided that the condition lacked the significance to be considered a disability or to be of sufficient significance as to sustain a damages award. The decision would not be against the manifest weight of the evidence.

The order of the trial court denying the motion for new trial is affirmed.

Affirmed.

GREEN and STEIGMANN, JJ., concur.