Geraldine Prostko, et al., Plaintiffs-Appellants, v. Lester E. Willstead, Defendant-Appellee.

Gen. No. 66–18.

Third District.

October 28, 1966.

Perona & Perona, of Spring Valley, for appellants.

Walter D. Boyle and Linn Goldsmith, of Hennepin, for appellee.

CORYN, P. J.

This is an appeal from a judgment entered on a verdict in favor of the defendant, Lester Willstead, and against all the plaintiffs. The controversy arises from a rear-end collision on State Highway 26 at a point one mile south of Princeton, on July 10, 1963. Plaintiff, Kathleen Prostko, was driving a three-quarter ton Chevrolet flatbed truck, 1951 model, with her mother, the plaintiff, Geraldine Prostko, as a passenger. Plaintiff, John Prostko, the father and husband of the other plaintiffs, was the owner of the vehicle driven by his daughter. The Prostkos were driving northerly on said highway to the Wiggins' farm to get chickens, and the collision with the Willstead truck, approaching from behind them, occurred when they made a left turn from the highway to drive into the Wiggins' driveway. There was a dispute in the evidence as to whether the driver of the Prostko vehicle signalled her intention to make a left turn, and as to whether the signal lights on that vehicle were in working order at the time, or became damaged in the mishap, and as to whether the Prostko women sustained injuries when their

truck overturned. Damage to plaintiffs' truck was estimated to be from $250 to $350. In support of their alternative prayer for judgment, or for a new trial on all issues, plaintiffs argue that the verdict and judgment are contrary to the manifest weight of the evidence and to the law. They also assert that the trial court erred, because of the absence of evidence to warrant it, in submitting defendant's Instructions 12 and 13, which are IPI Instructions Nos. 10.03 (revised) and 11.0 respectively, as follows:

> "[12]. It was the duty of each plaintiff before and at the time of the occurrence to use ordinary care for his or her own safety and as to the plaintiff, John Prostko, before and at the time of the occurrence, to use ordinary care for the safety of his property. That means it was the duty of each plaintiff to be free from contributory negligence."

> "[13]. When I use the expression 'contributory negligence' I mean negligence on the part of the plaintiffs that proximately contributed to cause the alleged injury or property damage."

■ ■ The arguments made by the plaintiffs in support of their contention that the verdict was contrary to the manifest weight of the evidence are substantially similar to the arguments in support of this issue that were considered in Turner v. Wallace, 71 Ill App2d 160, at 168, 217 NE2d 11, and we conclude that the law of that case on this issue is controlling here. We cannot substitute our judgment for the jury's where that would require us to elect between conflicting evidence and inferences. Whether the signal light on the Prostko vehicle became damaged as a result of the collision, or whether a prior defect in it contributed as a cause, were debatable issues. The evidence is also conflicting as to whether

479

Geraldine Prostko sustained injury. While a conclusion contrary to that of the jury might seem from the record to be more reasonable, we cannot say that the verdict is without support in the evidence.

■ ■ We also conclude that no error was made in submitting defendant's Instructions 12 and 13 to the jury. The issues presented by these instructions had already been injected into the case by plaintiffs' Instruction 5 on the burden of proof, this being IPI Instruction 21.02. A party may not complain of instructions given by the trial court at the request of another where the court at his request has given the same kind of instructions. Borst v. Langsdale, 8 Ill App2d 88, 130 NE2d 520; Hocker v. O'Klock, 16 Ill App2d 414, 158 NE2d 7. Here defendant's Instruction No. 12 was almost identical with the language of the first paragraph of plaintiffs' Instruction No. 5, and defendant's Instruction No. 13 defined the term "contributory negligence" as used in defendant's Instruction No. 12.

The judgment of the Circuit Court is accordingly affirmed.

Affirmed.

ALLOY and STOUDER, JJ., concur.